(No. 41525.—

THE PEOPLE *ex rel.* Chicago & Eastern Illinois Railroad Company, Appellant, *vs.* JOSEPH E. FLEMING, Judge, *et al.,* Appellees.

*Opinion filed March 27, 1969.*

WALKER & WILLIAM, of East St. Louis, (RALPH D. WALKER and MARTIN W. IMBER, of counsel,) for appellant.

CARR, RAFFAELLE & COOK, of East St. Louis, (REX CARR, of counsel,) for appellees.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

The Chicago & Eastern Illinois Railroad Company sought leave to file a petition for an original writ of *mandamus* in the Appellate Court, Fifth District, to compel the respondent, Joseph E. Fleming, a judge of the circuit court, to enter a summary judgment in the Railroad's favor. The petition charged that by refusing to grant the Railroad's motion for summary judgment in a pending common-law negligence action, the circuit court had failed to comply with the mandate of the appellate court in a previous action between the same parties under the Federal Employers' Liability Act, in which a judgment for the Railroad had been affirmed. (*Waters* v. *Chicago & Eastern Illinois Railroad Co.,* 86 Ill. App. 2d 48.) The appellate court denied leave to file the petition for *mandamus,* and we allowed leave to appeal.

An understanding of the present issue requires a description of the previous action. Howard Waters, an employee of the Simpson Express & Transfer Company (Simpson), suffered back injuries while working on the Railroad's piggy-back ramp at Mitchell, Illinois, and he

brought an action against the Railroad under the Federal Employers' Liability Act to recover for those injuries. Simpson loaded trailers on flat cars at the Mitchell ramp under contract with the Railroad, and the basic theory of the plaintiff seems to have been that the contract between Simpson and the Railroad was invalid under that provision of the F.E.L.A. which provides that any contract, the purpose or intent of which is to enable any common carrier to exempt itself from any liability created by the Act, is to that extent void. 45 U.S.C.A. 55.

The plaintiff tendered instructions which would have submitted to the jury the issue whether the intent or purpose of the contract between the Railroad and Simpson was to exempt the Railroad from liability under the statute, but these instructions were refused. As the appellate court stated, however, "Both the issue of negligence and the question of whether the relationship of employer and employee existed between the defendant and plaintiff were contested; both were presented to the jury for determination." (86 Ill. App. 2d at 54.) The jury returned a general verdict for the defendant, and judgment was entered on the verdict. The appellate court affirmed.

While the appeal was pending Waters filed a second action against the Railroad, seeking to recover for the same injuries. This action was based upon common-law negligence, and not upon the Federal Employers' Liability Act. The Railroad's motion to dismiss the second action because it was barred by the prior verdict in favor of the Railroad was denied. Immediately after the appellate court affirmed the judgment in the first action, the Railroad moved for summary judgment in the second, on the ground that the prior verdict and judgment operated to bar a second trial of the issues of negligence and contributory negligence. Upon the denial of this motion, the Railroad sought leave to file an original petition for a writ of *mandamus* in the appellate court, alleging that the circuit court's denial of the motion

for summary judgment violated the mandate of the appellate court in the F.E.L.A. action and requesting that the circuit court be compelled to enter judgment for the Railroad.

The appellate court denied leave to file the petition, finding (1) that there was no showing that its mandate had not been complied with, (2) that the case was not on review in the appellate court, and (3) that the appellate court lacked jurisdiction to issue the writ because its original jurisdiction is limited by section 7 of article VI, of the constitution of Illinois.

In our opinion the order of the appellate court was clearly correct. Although the factual occurrence involved in the two actions was the same, they were based upon different legal theories and constituted different causes of action, which the plaintiff was not required to join. See Ill. Rev. Stat. 1967, ch. 110, par. 44.

The governing principles were stated in *Hoffman* v. *Hoffman,* 330 Ill. 413, 417: "Where a former adjudication is relied upon as an absolute bar, there must be, as between the actions, identity of parties, of subject matter and of cause of action. When the second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted upon the determination of which the finding or verdict was rendered. * * * The rule in respect to the conclusiveness of the verdict and former trial between the same parties, when the judgment is used in pleading as a technical estoppel or is relied on by way of evidence as conclusive *per se,* is, that it must appear by the record of the prior suit that the particular controversy sought to be construed was necessarily tried and determined,—that is, if the record of the former trial shows that the verdict could not have been rendered without deciding the particular matter it will be considered as having settled that matter as to all further actions between the

parties; and further, in cases where the record does not show that the matter was necessarily and directly found by the jury, evidence *aliunde* consistent with the record may be received to prove the fact. But even where it appears from the intrinsic evidence that the matter was properly within the issue controverted in the present suit, if it be not shown that the verdict and judgment necessarily involved its consideration and determination it will not be concluded. (*Sawyer* v. *Nelson,* 160 Ill. 629; *Rhoades* v. *City of Metropolis,* 144 id. 580; *Geary* v. *Bangs,* 138 id. 77.) To operate as an estoppel by verdict it is absolutely necessary that there shall have been a finding of a specific fact in the former judgment or record that is material and controlling in that case and also material and controlling in the pending case. It must also conclusively appear that the matter of fact was so in issue that it was necessarily determined by the court rendering the judgment interposed as a bar by reason of such estoppel. If there is any uncertainty on the point that more than one distinct issue of fact is presented to the court the estoppel will not be applied, for the reason that the court may have decided upon one of the other issues of fact. *People* v. *Wyanett Light Co.,* 306 Ill. 377; *Markley* v. *People,* 171 id. 260; *Theological Seminary* v. *People,* 189 id. 439."

In the present case the verdict of the jury in the first action might have been based on the jury's conclusion that Waters was not an employee of the Railroad. It does not appear, therefore, that the question of the Railroad's negligence was necessarily determined in that action.

The judgment of the appellate court was correct, and it is affirmed.

*Judgment affirmed.*