(No. 42021.—

RICHARD A. LANGE, Appellee, *vs.* COCA-COLA BOTTLING COMPANY OF CHICAGO, INC., Appellant.

*Opinion filed December 19, 1969.*

HINSHAW, CULBERTSON, NOELMANN, HOBAN AND FULLER, of Chicago, (JOHN L. KIRKLAND and D. KENDALL GRIFFITH, of counsel,) for appellant.

POWERS MCGUIRE, of Chicago, for appellee.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

In an action for personal injuries brought by the plaintiff, Richard A. Lange, against the defendant, Coca-Cola Bottling Company of Chicago, Inc., the circuit court of Cook County entered a summary judgment in favor of the plaintiff on the issue of liability, and a jury returned a verdict of $90,000 against the defendant on the issue of damages. Judgment was entered on the verdict. The Appellate Court, First District, affirmed the judgment as to liability but reversed and remanded for a new trial on the damage issue. (105 Ill. App. 2d 99.) We granted the defendant's petition for leave to appeal from the judgment determining its liability.

The question for decision is whether the circuit court and the appellate court properly applied the doctrine of estoppel by verdict in entering and affirming summary judgment against Coca Cola on the issue of liability. We hold that they did not.

In May of 1962 there was a collision between a truck driven by an employee of Coca-Cola and a car driven by Lange. Coca-Cola sued Lange in the municipal court of Chicago to recover for damage to its truck. Lange sued Coca-Cola in the circuit court of Cook County to recover for his personal injuries. Coca-Cola's action was tried before a judge of the municipal court, and judgment was entered in favor of Lange. The appellate court affirmed. (80 Ill. App. 2d 100.) Thereafter Lange moved in his circuit court action for a summary judgment in his favor on the issue of liability on the ground that the prior judgment in the municipal court determined that issue against Coca-Cola. As has been stated, his motion was granted and the appellate court affirmed.

The governing principle was stated in *Hoffman* v. *Hoffman*, 330 Ill. 413, 418: "To operate as an estoppel by verdict it is absolutely necessary that there shall have been a finding of a specific fact in the former judgment or record that is material and controlling in that case and also material and controlling in the pending case. It must also conclusively appear that the matter of fact was so in issue that it was necessarily determined by the court rendering the judgment interposed as a bar by reason of such estoppel. If there is any uncertainty on the point that more than one distinct issue of fact is presented to the court the estoppel will not be applied, for the reason that the court may have decided upon one of the other issues of fact. *People* v. *Wyanett Light Co.*, 306 Ill. 377; *Markley* v. *People*, 171 *id.* 260; *Theological Seminary* v. *People*, 189 *id.* 439." This principle was reaffirmed in *People ex rel. Chicago & Eastern Illinois R.R. Co.* v. *Fleming*, 42 Ill.2d 231.

The judgment of the municipal court of Chicago was a general judgment for the defendant. It contained no specific findings. It could have resulted from a factual determination that neither party was negligent, that both were negligent, or that only Coca-Cola was negligent. The latter de-

termination would have supported a summary judgment holding Coca-Cola liable in the present action, but in the absence of specific findings it is impossible to say that this was the determination that was made. It was therefore error to enter the summary judgment.

The judgment of the appellate court is reversed and the cause is remanded to the circuit court of Cook County.

*Reversed and remanded.*