DECATUR HOUSING AUTHORITY, for the use and benefit of Harlan E. Moore and Company, Inc., Plaintiff-Appellant, *v.* CHRISTY-FOLTZ, INC., *et al.*, Defendants-Appellees.

Fourth District No. 4—83—0252

Opinion filed September 23, 1983.

T. J. Wilson, of Monticello, for appellant.

Darrell E. Statzer, Jr., of Monroe, Wilson, Dyar, McDonald & Moss, of Decatur, for appellees.

JUSTICE TRAPP delivered the opinion of the court:

The plaintiff brought this action pursuant to "An Act in relation to bonds of contractors entering into contracts for public construction" (the Act) (Ill. Rev. Stat. 1981, ch. 29, pars. 15, 16), demanding relief from Christy-Foltz, Inc., as principal and contractor, and St. Paul Fire & Marine Insurance Company, as surety upon a performance and payment bond. Upon defendants' motions, Judge Hendrian dismissed the cause of action with prejudice after finding that the plaintiff failed to allege the defendants' failure to perform the contract with Decatur Housing Authority (Authority) or under the terms of the payment and performance bond and, further, was estopped from doing so by the prior judicial determination and dismissal, with prejudice, pursuant to stipulation in cause No. 82—LM—413, entitled

Harlan E. Moore & Company, Inc. v. Christy-Foltz, Inc. and Floors, Inc. Plaintiff appeals the judgment of the circuit of Macon County. We reverse.

Moore has alleged that defendant Christy-Foltz, Inc., as contractor, entered into a contract with the Authority for construction on an Authority project. Christy-Foltz, Inc., subcontracted a portion of the work to Floors, Inc. Between February 19, 1982, and March 16, 1982, Moore supplied Floors, Inc., various items of flooring, adhesive, and mouldings which were incorporated into the project. The sum of $6,690.66 remained due to Moore for these materials. On May 7, 1982, Moore filed notices making claim against the bond under the Act and claiming a lien pursuant to section 23 of the Mechanics' Liens Act (Ill. Rev. Stat. 1981, ch. 82, par. 23), notifying the Authority, Floors, Inc., and Christy-Foltz, Inc.

On August 4, 1982, Moore filed a two-count complaint in cause No. 82—LM—413, a mechanic's lien action. Count II of the complaint was directed against Christy-Foltz, Inc., and Floors, Inc. On August 13, 1982, Christy-Foltz, Inc., answered count II of the complaint, affirmatively stating that no funds remained due to Floors, Inc. Christy-Foltz, Inc., also raised the affirmative defense of satisfaction of the debt:

"[M]oneys due the Defendant, FLOORS, INC., and/or the Plaintiff, HARLAN E. MOORE AND CO., INC., have been paid in full, as evidenced by a check made to the order of HARLAN E. MOORE AND CO., and FLOORS, INC., in the sum of $18,123.00 and endorsed by and received in full satisfaction of the above claim. Check #7004 is attached hereto and marked as Exhibit A and made a part of this answer."

A copy of the front of the check, dated February 18, 1982, is in the record; no endorsements appear.

On October 26, 1982, the complaint in this cause was filed, alleging the existence of the contract between the Authority and Christy-Foltz, Inc.; the contract between Christy-Foltz, Inc., and Floors, Inc.; the purchases by Floors, Inc., from Moore between February 19, 1982, and March 16, 1982; incorporation of the materials into the building; the debt remaining for the materials; and the existence of the performance and payment bond.

On November 9, 1982, Moore entered into the following stipulation with Christy-Foltz, Inc., in the mechanic's lien action:

"1. That as of Plaintiff's filing of the Complaint, no funds remained due from Defendant, Christy-Foltz, Inc. to Defendant, Floors, Inc., sufficient to pay Plaintiff's claim.

"2. That Count II of Plaintiff's Complaint may be dismissed with prejudice and Defendant, Christy-Foltz, Inc., awarded its costs of suit."

Judge Diamond then entered the following order in that case:

"This matter coming on to be heard upon the Stipulation of Plaintiff, Harlan E. Moore and Company, Inc., and Defendant, Christy-Foltz, Inc. and the Court being advised in the premises:

NOW THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that Count II of Plaintiff's Complaint be and hereby is ordered dismissed with prejudice and Defendant, Christy-Foltz, Inc., is awarded its costs of suit."

On November 18, 1982, defendant Christy-Foltz, Inc., filed a motion to dismiss this case with prejudice, stating that the cause was barred by the dismissal with prejudice of the mechanic's lien action, which voluntary dismissal constituted an adjudication on the merits. On November 23, 1982, defendant St. Paul Fire & Marine Insurance Company filed a motion to dismiss or in the alternative to make more definite and certain, attacking the sufficiency of the complaint. On March 8, 1983, Judge Hendrian heard defendants' motions and dismissed the case with prejudice.

We first consider the effect of plaintiff's voluntary dismissal with prejudice of the mechanic's lien action. This court recently discussed the principles of *res judicata* in *Redfern v. Sullivan* (1982), 111 Ill. App. 3d 372, 375-76, 444 N.E.2d 205, 208:

"*Res judicata* is a doctrine which reflects the public policy favoring finality in litigation and judicial economy. (*Smith v. Bishop* (1962), 26 Ill. 2d 434, 187 N.E.2d 217.) The doctrine of *res judicata* is divided into two branches: estoppel by judgment, sometimes referred to as *res judicata*, and estoppel by verdict, also known as *collateral estoppel*. *Hasset Storage Warehouse, Inc. v. Board of Election Commissioners* (1979), 69 Ill. App. 3d 972, 387 N.E.2d 785.

Estoppel by judgment (*res judicata*) provides that a valid judgment in a previous action between the parties bars a subsequent action between those parties on the same claim or cause of action. The doctrine applies not only to those issues which were actually raised in the first proceeding, but also to any issues which might have been raised in that proceeding. (*Kahler v. Don E. Williams Co.* (1978), 59 Ill. App. 3d 716, 375 N.E.2d 1034.) Where estoppel by verdict (or *collateral estoppel*) is applied, the parties are precluded from relitigating an issue in a subsequent proceeding where that issue was actually or neces-

sarily decided by a court of competent jurisdiction in an earlier proceeding involving the same parties and a different cause of action. *Smith v. Bishop; Fred Olson Motor Service v. Container Corp.* (1980), 81 Ill. App. 3d 825, 401 N.E.2d 1098; see also *Illinois State Chamber of Commerce v. Pollution Control Board* (1979), 78 Ill. 2d 1, 398 N.E.2d 9 (only party against whom the estoppel is asserted must have been a party, or privy of a party, involved in the prior proceeding)."

■ Under the doctrine of estoppel by judgment, a final judgment may be asserted in bar of a second action where the parties and the cause of action are identical. (*City of Hickory Hills v. Village of Bridgeview* (1977), 67 Ill. 2d 399, 367 N.E.2d 1305.) Causes of action are identical where the evidence necessary to sustain a second verdict would sustain the first, *i.e.*, where the causes of action are based upon a common core of operative facts. (*Redfern.*) Here, the parties agree that this complaint is based upon a different cause of action than that underlying the complaint in the action brought under the Mechanics' Liens Act; the same evidence would not sustain both verdicts.

■ The Act provides an alternative remedy to that afforded by the Mechanics' Liens Act. A fundamental distinction between them is the limitation on the availability of remedy under the Mechanics' Liens Act: Persons furnishing materials to a subcontractor have no greater rights than persons furnishing materials to a contractor; both are limited, in the assertion of liens, to the amounts due their immediate contractors at the time the notice of their liens is given. (*Koenig v. McCarthy Construction Co.* (1951), 344 Ill. App. 93, 100 N.E.2d 338; *Housing Authority v. Holtzman* (1970), 120 Ill. App. 2d 226, 256 N.E.2d 873; *Bigelow-Liptak Corp. v. Mazzucco Construction Co.* (1972), 4 Ill. App. 3d 90, 280 N.E.2d 276.) Hence, if the contractor herein, Christy-Foltz, Inc., owed no funds to the subcontractor, Floors, Inc.—as was asserted by defendant Christy-Foltz, Inc., in its answer in the previous action—at the time Moore filed notice of the lien, Moore could not have prevailed on a mechanic's lien theory. The plaintiff argues that this lack of funds due from Christy-Foltz, Inc., to Floors, Inc., was the only fact stipulated to in the mechanic's lien action, which stipulation was the sole basis of the voluntary dismissal with prejudice in that case.

Defendants argue that a voluntary dismissal acts as an adjudication on the merits against the plaintiff on every fact or element which would have been necessary for plaintiff to succeed in the case, *i.e.*, the dismissal with prejudice operates as a finding that the alleged

debt was satisfied. In support of this position, defendants cite *Van Slambrouck v. Marshall Field & Co.* (1981), 98 Ill. App. 3d 485, 424 N.E.2d 679. In that case the plaintiff sought, almost three years after his voluntary dismissal with prejudice, to reinstate his cause of action against defendant Marshall Field. The first district found that the plaintiff had abandoned his claim as a matter of law and stated:

> "Once a cause of action has been adjudicated on the merits, whether by a dismissal with prejudice or by an adjudication after trial, the plaintiff is barred by the doctrines of *res judicata* and collateral estoppel from bringing a second action against the same defendant alleging any matter relating to the same causes of action which was or might have been litigated in the first suit. (*Baird & Warner, Inc. v. Addison Industrial Park, Inc.* (1979), 70 Ill. App. 3d 59, 387 N.E.2d 831, *appeal denied* (1979), 79 Ill. 2d 609.)" (98 Ill. App. 3d 485, 487, 424 N.E.2d 679, 682.)

We conclude, however, that the doctrine of collateral estoppel was not applied in resolving the issues raised in *Van Slambrouck.*

 As between the doctrines of estoppel by judgment and estoppel by verdict, there is a fundamental difference in the breadth of a former judgment's conclusiveness. Under the doctrine of estoppel by verdict, a former judgment bars only those questions *actually decided* in the prior suit—the scope of the bar is narrower than under the doctrine of estoppel by judgment. (*City of Peoria v. Peoria City Lines, Inc.* (1962), 24 Ill. 2d 457, 182 N.E.2d 164.) To operate as an estoppel by verdict, it is absolutely necessary that there shall have been a finding of a specific fact in the former judgment or record that is material and controlling in that case and also material and controlling in the pending case. It must also conclusively appear that the matter of fact was so in issue that it was necessarily decided by the court rendering the judgment interposed as a bar by reason of such estoppel. If there is any uncertainty on the point that more than one distinct issue of fact·is presented to the court, the estoppel will not be applied, for the reason that the court may have decided upon one of the other issues of fact. *Lange v. Coca-Cola Bottling Co.* (1969), 44 Ill. 2d 73, 254 N.E.2d 467; *People ex rel. Chicago & Eastern Illinois R.R. Co. v. Fleming* (1969), 42 Ill. 2d 231, 246 N.E.2d 275; *Hoffman v. Hoffman* (1928), 330 Ill. 413, 161 N.E. 723; *People ex rel. Mercer v. Wyanet Electric Light Co.* (1922), 306 Ill. 377, 137 N.E. 834; *Board of Directors v. People ex rel. Raymond* (1901), 189 Ill. 439, 59 N.E. 977; *Markley v. People ex rel. Kochersperger* (1898), 171 Ill. 260, 49 N.E. 502.

■ Moreover, *Baird & Warner, Inc.,* cited in *Van Slambrouck,* stated, "It must be remembered that the doctrine of collateral estoppel, unlike the doctrine of *res judicata,* is only applicable where the issue is actually and necessarily litigated and determined in the first action." 70 Ill. App. 3d 59, 68, 387 N.E.2d 831, 840.

■ The trial court's order dismissing the mechanic's lien action with prejudice was expressly based on the stipulation of the parties; this stipulation indicated only that no funds were owed by Christy-Foltz, Inc., to Floor, Inc. To speculate that the court also considered the affirmative defense asserted by Christy-Foltz, Inc., in that action, *i.e.,* satisfaction of the debt, would remove from the party asserting the defense of estoppel by verdict the burden of showing what was determined by the prior judgment with certainty and clarity. (*Redfern.*) Defendants have failed to meet this burden and therefore have not shown that the doctrine of estoppel by verdict is applicable here.

■ We next consider the sufficiency of the plaintiff's complaint herein. Section 2 of the Act (Ill. Rev. Stat. 1981, ch. 29, par. 16) sets forth the requisites for recovery on a performance and payment bond. Our review of the complaint leads us to conclude that the plaintiff has sufficiently stated a cause of action to recover on the bond; the deficiencies raised by defendant St. Paul Fire & Marine Insurance Company in its motion to dismiss or in the alternative to make more definite and certain (failure to attach copies of the contract between Christy-Foltz, Inc., and the Authority and the subcontract between Christy-Foltz, Inc., and Floors, Inc.; failure to set forth in detail the items purchased and the prices; failure to state how the sum alleged due was calculated) did not warrant dismissal with prejudice. Section 1 of the Act (Ill. Rev. Stat. 1981, ch. 29, par. 15) states the minimum standard of liability for a principal and surety on any bond under the Act; plaintiff's allegations sufficiently state that the defendants have not met their duty under the bond—to pay all persons, firms and corporations all just claims due them for materials furnished in the performance of the contract for which the bond is given. Dismissal with prejudice should not be made unless it clearly appears that no set of facts could be established which would entitle plaintiff to relief. *Edgar County Bank & Trust Co. v. Paris Hospital, Inc.* (1974), 57 Ill. 2d 298, 305, 312 N.E.2d 259, 262.

Reversed and remanded.

GREEN and MILLER, JJ., concur.