MICHAEL GELSOMINO *et al.*, Plaintiffs-Appellants, v. ARTHUR M. GOROV *et al.*, Defendants-Appellees (Michael B. Nash *et al.*, Defendants).

First District (4th Division) No. 85—0064

Opinion filed February 20, 1986.—Modified on denial of rehearing December 4, 1986.

John A. O'Malley, of O'Malley & O'Malley, Ltd., of Chicago, for appellants.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (D. Kendall Griffith, George W. Spellmire, Jr., Thomas P. McGarry, and Joshua G. Vincent, of counsel), for appellees.

JUSTICE JIGANTI delivered the opinion of the court:

The plaintiffs, Michael and Loretta Gelsomino and Mi-lor, Inc. (Gelsominos), brought this professional malpractice action against attorney Arthur M. Gorov and the law firm of Berkson, Gorov & Levin, Ltd. (Gorov). The complaint alleged that Gorov was negligent in the investigation, preparation and presentation of the plaintiffs' lawsuit against their insurance carrier, Charter Oak Insurance Company, Inc.

The defendants moved for summary judgment and the trial court granted this motion. The plaintiffs now appeal.

The Riverside Restaurant owed by the Gelsominos was destroyed by fire in April of 1974. The fire-loss claim filed by the Gelsominos with Charter Oak was denied. Thereafter, the Gelsominos filed a breach of contract action in the Federal District Court for the Northern District of Illinois against Charter Oak. In this suit the plaintiffs were represented by Michael B. Nash and the law firm of Burke, Nash & Shea, Ltd.

The jury trial was scheduled to begin on September 4, 1979, before Judge Leighton. However, on August 31, 1979, an attorney for Charter Oak sought a continuance based upon the fact that trial counsel, Ronald Lev, was not scheduled to return from Israel until September 17, 1979. Judge Leighton ordered Charter Oak to have Lev return immediately. Lev appeared ready for trial on September 7, 1979, at which time the trial was set for September 12, 1979. On September 11, 1979, plaintiffs' counsel, Michael Nash, appeared before the court and requested a continuance based upon the fact that he was about to commence another trial before Judge Marshall. Judge Leighton denied the request and stated that the action would be dismissed for want of prosecution if it did not begin on schedule. Consequently, that same day, the plaintiffs retained as substitute counsel for the trial Arthur M. Gorov and the law firm of Berkson, Gorov & Levin.

After a jury trial, the jury found in favor of Charter Oak and specifically found that the plaintiffs were guilty of arson and fraud in submitting false and exaggerated sales tax figures. The United States Court of Appeals for the Seventh Circuit affirmed. The plaintiffs subsequently brought this professional malpractice action in the circuit court of Cook County against Gorov and the law firm of Berkson, Gorov & Levin, Ltd., in addition to the plaintiffs' initial counsel, Nash and the law firm of Burke, Nash & Shea, Ltd. The defendants Nash and his firm are not part of this appeal.

In this action the plaintiffs allege that the defendants negligently failed to investigate, prepare and present their claim. Specifically, the plaintiffs contend that the defendants erred in failing to interview, prepare and present the testimony of certain witnesses to explain the discrepancies in the sales tax figures and to controvert the circumstantial evidence of arson. The defendants filed a motion for summary judgment. In this motion the defendants alleged that the errors and omissions charged in the complaint were errors of judgment rather than errors of negligence and therefore were not actionable; that the plaintiffs did not show that the errors were the proximate cause of the

adverse jury verdict; and that the plaintiffs were collaterally estopped from raising the issue of adequacy of representation. The trial court granted the defendants' motion. The plaintiffs filed a motion for reconsideration along with additional memoranda and numerous affidavits including the affidavits of two experts in the field of legal malpractice. After reviewing the additional materials filed, the trial court denied the motion and affirmed its prior decision. The plaintiffs now appeal.

■ Preliminarily, the defendants claim that the additional memoranda and affidavits filed by the plaintiffs with their motion for reconsideration were untimely and therefore should not be considered by this court. Generally, the decision of whether to allow a party to present affidavits for the first time on a motion to vacate a summary judgment is within the discretion of the trial court. (*Schierer v. Sears Roebuck & Co.* (1980), 81 Ill. App. 3d 90, 95, 400 N.E.2d 1072.) In this case the defendants were not prejudiced by the inclusion of the additional affidavits. There was ample opportunity for the defendants to respond to any new matters set forth in those materials in writing and orally at the hearing. Thus, although we agree that this information should have originally been filed in response to the defendants' motion for summary judgment, the trial court did not abuse its discretion in considering these additional materials.

The first substantive issue we will address is whether the doctrine of collateral estoppel is a bar to litigating the question of legal malpractice. In the underlying action, the plaintiffs filed a post-trial motion asserting that the district court erred in denying their request for a continuance and that as a result of the court's denial plaintiffs' counsel, Nash, was ill-prepared. The district court denied the post-trial motion. In the instant malpractice action, the defendants contend that the doctrine of collateral estoppel bars the plaintiffs from bringing this action because the denial of the plaintiffs' post-trial motion in the underlying action effectively decided the issue of adequacy of representation.

■ ■ Estoppel by verdict or collateral estoppel precludes parties and their privies from relitigating facts in one action that were litigated in a prior action. (*Lange v. Coca-Cola Bottling Co. of Chicago, Inc.* (1969), 44 Ill. 2d 73, 75, 254 N.E.2d 467.) In order to operate as an estoppel, the facts sought to be relitigated must have been specifically litigated and necessarily decided. (*Oberman v. Byrne* (1983), 112 Ill. App. 3d 155, 160, 445 N.E.2d 374.) There must have been a decision with respect to a specific fact in the prior judgment that was material and controlling in that case and also material and controlling in the pending case. "It must also conclusively appear that the matter of

fact was so in issue that it was necessarily determined by the court rendering the judgment interposed as a bar by reason of such estoppel." *People ex rel. Chicago & Eastern Illinois R.R. Co. v. Fleming* (1969), 42 Ill. 2d 231, 235, 246 N.E.2d 275; *Fred Olson Motor Service v. Container Corp.* (1980), 81 Ill. App. 3d 825, 829, 401 N.E.2d 1098.

■ Applying these principles to the instant case, we believe that the district court's ruling on the post-trial motion lacks the certainty necessary to invoke the doctrine of collateral estoppel. The plaintiffs' motion raised the issue of whether the district court erred in not continuing the case. The motion did not, as defendants state, seek a determination as to whether the defendants were negligent in their handling of the case. Accordingly, in denying that motion, the district court did not specifically rule on the alleged errors and omissions now being raised by plaintiffs in this action. Consequently, the plaintiffs are not barred from bringing this legal malpractice action. Having decided that the plaintiffs are not estopped from asserting this claim, the question before this court is whether the trial court properly entered summary judgment in favor of the defendants.

■ In a cause of action for professional malpractice, the plaintiff must prove the existence of an attorney-client relationship, a duty arising out of that relationship, a breach, causation and actual damages. (*Bartholomew v. Crockett* (1985), 131 Ill. App. 3d 456, 465, 475 N.E.2d 1035.) There is no issue as to whether a duty arose out of the attorney-client relationship between the Gelsominos and the defendant Gorov, or that the Gelsominos suffered damage by the adverse jury verdict. The issues remaining to be decided in this appeal are whether the defendants' conduct breached the duty of care owing to the plaintiffs and whether the alleged errors and omissions were the proximate cause of the adverse jury verdict in the underlying action.

The plaintiffs allege that the defendants breached their duty by failing to properly investigate and prepare the plaintiffs' claim, in addition to failing to introduce certain evidence in support of that claim. The defendants counter that the alleged errors and omissions were matters of professional judgment rather than errors of negligence and therefore were not actionable. The defendants cite *Woodruff v. Tomlin* (6th Cir. 1980), 616 F.2d 924, and *Oda v. Highway Insurance Co.* (1963), 44 Ill. App. 2d 235, 194 N.E.2d 489, in support of the proposition that decisions based upon professional judgment cannot be the basis of liability.

■ ■ Generally an attorney cannot be held liable for every mistake in the practice of law. Liability attaches only when that attorney fails to exercise a reasonable degree of care and professional skill.

(*Stevens v. Dexter* (1870), 55 Ill. 151, 153; *House v. Maddox* (1977), 46 Ill. App. 3d 68, 71, 360 N.E.2d 580.) An attorney's judgment in the preparation and handling of a case is not, however, always and automatically protected under the rubrics of "matters of professional judgment" or "tactical decisions." Certainly an attorney uses professional judgment and makes tactical decisions, for example, in determining whether the defendant should testify in a criminal case. (See, *e.g., People v. Wright* (1986), 111 Ill. 2d 18, 488 N.E.2d 973.) Nevertheless, there may be cases where the combined wisdom of the bar is that a reasonably competent attorney would not permit his client to testify. Thus, merely characterizing an act or omission as a matter of judgment does not end the inquiry. The issue remains as to whether the attorney has exercised a reasonable degree of care or skill in representing his client. This is a question of fact to be determined through expert testimony and usually cannot be decided as a matter of law. *Spivack, Shulman & Goldman v. Foremost Liquor Store, Inc.* (1984), 124 Ill. App. 3d 676, 683, 465 N.E.2d 500; see also *Woodruff v. Tomlin* (6th Cir. 1980), 616 F.2d 924, 930 (an attorney is not liable for choice of trial tactics based on professional judgment; however, he is still bound to exercise a reasonable degree of skill and care in his professional dealings).

■ In this case, with regard to the issue of breach of duty, the plaintiffs submitted the affidavits of two legal malpractice experts. It was the opinion of these experts that the defendants' conduct did, in fact, fall below the appropriate standard of conduct. Specifically, the experts pointed to the favorable testimony of at least six persons which, in the experts' opinions, should have been investigated and presented. Defendants have offered no evidence to discredit these experts nor have they provided any reason why this court should not accept the experts' opinions on this question. Thus, we believe these affidavits are sufficient to demonstrate the existence of a question of fact as to breach of duty. Accordingly, although we express no opinion as to whether Gorov breached a duty owing to the plaintiffs, we believe that summary judgment was inappropriate on this issue because it cannot be said as a matter of law that the movant was entitled to judgment. See *Pioneer Bank & Trust Co. v. Mitchell* (1984), 126 Ill. App. 3d 870, 876, 467 N.E.2d 1011.

■ ■ The trial court also granted summary judgment on the basis that there was no material issue of fact as to the issue of proximate cause. The jury in the underlying action found that the plaintiffs, through their representatives, participated in the arson which destroyed the restaurant and the the plaintiffs were guilty of fraud in

submitting false and exaggerated claim figures. The plaintiffs argue that but for the alleged errors and omissions, the circumstantial evidence supporting the arson verdict could have been negated and the charge of fraud explained. Also, the plaintiffs point to testimony which could have been elicited at trial from various people which would have rebutted the evidence of motive necessary for the arson charge. In addition, plaintiffs point to testimony which the defendants failed to bring forth which would have reasonably explained the discrepancies in the sales tax figures.

Specifically, the plaintiffs submitted the affidavits of Louis Ritter, an insurance adjuster, Michael and Loretta Gelsomino, Frank Callero, a certified public accountant, and Clara Weiss, a former employee of the Riverside Restaurant. These affidavits apparently recite facts, circumstances and testimony not presented at trial and also attest to the alleged lack of investigation by the defendant Gorov. In addition, the plaintiffs filed the deposition of Allen Hertz, statements from Thomas Cernock and Ronald Radar and the affidavit of Michael Gelsomino, all of which were available before trial. The failure to utilize this evidence at trial, the plaintiffs argue, was the proximate cause of the adverse jury verdict.

Generally, the issue of proximate causation raises an issue of fact, except where reasonable men cannot disagree. (*Ney v. Yellow Cab Co.* (1954), 2 Ill. 2d 74, 117 N.E.2d 74 (proximate cause is a question for the jury); R. Mallen & V. Levit, Legal Malpractice sec. 659, at 824 (2d ed. 1981).) As delineated above, in this case the plaintiffs presented numerous examples of evidence that allegedly could have been presented at trial. Moreover, on appeal to the United States Court of Appeals for the Seventh Circuit, that court specifically noted the "failure by the plaintiffs to explain that discrepancy" in the sales tax figures which the plaintiffs now allege that the defendants could have explained at trial. Taken together, we believe that the proffered testimony by the plaintiffs in addition to the statement of the court of appeals, indicate that an issue of fact as to proximate cause remains. Consequently, the trial court erred in granting summary judgment on this basis.

For the reasons stated above, the decision of the trial court is reversed and the matter is remanded for proceedings consistent with this opinion.

Reversed and remanded.

LINN, P.J., and JOHNSON, J., concur.