ADRIAN CANGAS, Plaintiff-Appellant, v. MARCUS AUTO LEASE CORPORATION, Defendant-Appellee.

First District (4th Division) No. 87—3355

Opinion filed November 3, 1988.

George E. Brogan, of Evergreen Park, for appellant.

No brief filed for appellee.

JUSTICE LINN delivered the opinion of the court:

The subject of this appeal is an order entered by the circuit court of Cook County which granted defendant's motion to dismiss plaintiff's complaint. Defendant has not filed a brief as appellee, but this will not preclude our consideration of the merits of this case. (*First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.) For the reasons stated below, we reverse the judgment of the circuit court.

Plaintiff, Adrian Cangas, brought an action seeking damages of $3,500 as payment for towing equipment that plaintiff installed on a truck in his possession which was owned by defendant, Marcus Auto Lease Corporation. Specifically, plaintiff claimed that after he installed the towing equipment on the truck, he failed to make one of his monthly payments to defendant. Thereafter, defendant repossessed the truck, including the equipment installed by plaintiff. Defendant refused to remove the towing equipment and return the equipment to plaintiff or to reimburse him for its reasonable market value, alleged by plaintiff to be $3,500.

Defendant filed an answer and affirmative defenses to the complaint. In the answer, defendant alleged, *inter alia*, that a prior judgment entered in a previous action between the parties operated as *res judicata* and precluded recovery by plaintiff in the instant case. Defendant subsequently filed a motion to dismiss the complaint pursuant to section 2—619(a)(4) of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—619(a)(4)), alleging that plaintiff's claim should be barred by the prior judgment. The trial court held that plaintiff's claim was barred by the doctrines of *res judicata* and collateral estoppel by virtue of the prior judgment, and the court entered judgment in favor of defendant.

The record reflects that the previous action between the parties was instituted by defendant herein and asserted that plaintiff owed defendant $518.30 as unpaid rent pursuant to an oral lease between the parties. Plaintiff denied the material allegations raised by defendant in the previous action, and, following a bench trial, the court entered an order which provided that "judgment is hereby entered in fa-

vor of defendant, that plaintiff nothing [*sic*] by this suit."[1] On appeal, plaintiff argues that the judgment in the previous action does not bar his claim in the instant case through *res judicata* or collateral estoppel. We must agree.

 █ It is well established that a prior judgment may have preclusive effect in a subsequent action under both *res judicata* (estoppel by judgment) and collateral estoppel (estoppel by verdict). (*Housing Authority v. YMCA* (1984), 101 Ill. 2d 246, 461 N.E.2d 959.) The doctrine of *res judicata* provides that a valid judgment in a previous action between the parties bars a subsequent action between those parties on the same claim or cause of action. (*Housing Authority v. YMCA*, 101 Ill. 2d 246, 461 N.E.2d 959; *Decatur Housing Authority v. Christy-Foltz, Inc.* (1983), 117 Ill. App. 3d 1077, 454 N.E.2d 379; *Redfern v. Sullivan* (1982), 111 Ill. App. 3d 372, 444 N.E.2d 205.) The doctrine of collateral estoppel applies when a party participates in two separate and consecutive cases arising from different causes of action. The parties are precluded from relitigating an issue in the subsequent proceeding where that issue was actually or necessarily decided by a court of competent jurisdiction in the earlier proceeding. *Housing Authority v. YMCA*, 101 Ill. 2d 246, 461 N.E.2d 959; *Lange v. Coca-Cola Bottling Co.* (1969), 44 Ill. 2d 73, 254 N.E.2d 467; *Decatur Housing Authority v. Christy-Foltz, Inc.*, 117 Ill. App. 3d 1077, 454 N.E.2d 379; *Redfern v. Sullivan,* 111 Ill. App. 3d 372, 444 N.E.2d 205.

 Under the doctrine of *res judicata* a judgment may be asserted to bar a second action where the parties and the cause of action are identical. (*City of Hickory Hills v. Village of Bridgeview* (1977), 67 Ill. 2d 399, 367 N.E.2d 1305; *Decatur Housing Authority v. Christy-Foltz, Inc.*, 117 Ill. App. 3d 1077, 454 N.E.2d 379; *Redfern v. Sullivan,* 111 Ill. App. 3d 372, 444 N.E.2d 205.) Causes of action are identical where the evidence necessary to sustain the second verdict would have sustained the first (*Village of Northbrook v. County of Cook* (1980), 88 Ill. App. 3d 745, 410 N.E.2d 925; *Palya v. Palya* (1980), 87 Ill. App. 3d 472, 409 N.E.2d 133), or where the causes of action are based upon a common core of operative facts. *Phillips v. Elrod* (1985), 135 Ill. App. 3d 70, 478 N.E.2d 1078; *Baird & Warner, Inc. v. Addison Industrial Park, Inc.* (1979), 70 Ill. App. 3d 59, 387 N.E.2d 831.

 In the instant case, plaintiff's cause of action is clearly not identical to the claim made by defendant in the previous action. Plain-

---

[1]The defendant in the prior action is the plaintiff herein, and the plaintiff in the prior action is the defendant herein.

tiff's complaint seeks recovery of the reasonable market value of the equipment plaintiff installed on the truck that was later repossessed by defendant. Thus, it seeks restitution and is predicated upon the equitable principle of unjust enrichment, which provides that one should not be unjustly enriched at the expense of another. (See generally *Partipilo v. Hallman* (1987), 156 Ill. App. 3d 806, 510 N.E.2d 8; *Edens View Realty & Investment, Inc. v. Heritage Enterprises, Inc.* (1980), 87 Ill. App. 3d 480, 408 N.E.2d 1069; Restatement of Restitution §1 (1937).) Defendant's claim in the previous action was based upon contract principles and sought damages of $518.30 as unpaid rent due to plaintiff's alleged breach of an oral lease between the parties. Because the legal issues and operative facts in each case differ and the evidence required to prove each claim differs, we must conclude that plaintiff's cause of action is not identical to defendant's claim in the previous suit, and the prior judgment does not operate as *res judicata.* See *Benton v. Smith* (1987), 157 Ill. App. 3d 847, 510 N.E.2d 952; *Pfeiffer v. William Wrigley Jr. Co.* (1985), 139 Ill. App. 3d 320, 484 N.E.2d 1187.

■ The doctrine of collateral estoppel is also inapplicable to the case at bar. Under this doctrine a prior judgment bars relitigation of those issues actually and necessarily decided in the previous suit. (*Housing Authority v. YMCA,* 101 Ill. 2d 246, 461 N.E.2d 959; *Gelsomino v. Gorov* (1986), 149 Ill. App. 3d 809, 502 N.E.2d 264; *Decatur Housing Authority v. Christy-Foltz, Inc.,* 117 Ill. App. 3d 1077, 454 N.E.2d 379; *Baird & Warner, Inc. v. Addison Industrial Park, Inc.,* 70 Ill. App. 3d 59, 387 N.E.2d 831.) To operate as collateral estoppel, it is absolutely necessary that there shall have been a finding of a specific fact in the former judgment or record that is material and controlling in that case and also material and controlling in the subsequent case. It must also conclusively appear that the matter of fact was so in issue that it was necessarily decided by the court rendering the prior judgment. If there is any uncertainty on the point, and more than one distinct issue of fact was presented to the court, collateral estoppel will not be applied because the court may have decided the case upon one of the other issues of fact. *Lange v. Coca-Cola Bottling Co.,* 44 Ill. 2d 73, 254 N.E.2d 467; *Gelsomino v. Gorov,* 149 Ill. App. 3d 809, 502 N.E.2d 264; *Decatur Housing Authority v. Christy-Foltz, Inc.,* 117 Ill. App. 3d 1077, 154 N.E.2d 379; *Redfern v. Sullivan,* 111 Ill. App. 3d 372, 444 N.E.2d 205.

■ The order entered in the previous suit was a general judgment in favor of the defendant (plaintiff herein) and contained no specific findings. It could have resulted from a factual determination that

132

there was no oral lease between the parties, or that a lease existed but the defendant (plaintiff herein) was not liable for a breach. Moreover, the only issue before the court in the previous suit was whether the defendant (plaintiff herein) was liable for breach of an oral lease. There is nothing in the record before us to suggest that the prior judgment actually or necessarily determined the parties' rights to the towing equipment that had been installed on the truck. Consequently, the prior judgment cannot be asserted to bar the instant action by plaintiff under the doctrine of collateral estoppel.

Accordingly, the judgment of the circuit court of Cook County is reversed, and the cause is remanded for proceedings consistent with this opinion.

Reversed and remanded.

JOHNSON and McMORROW, JJ., concur.