*In re* MARRIAGE OF JUDITH L. POTTS, f/k/a Judith L. Lohman, Petitioner-Appellee, and NORRIS P. LOHMAN, Respondent-Appellant.

Third District   No. 3—88—0772

Opinion filed July 18, 1989.

Norris Lohman, of New Lenox, appellant *pro se.*

No brief filed for appellee.

JUSTICE SCOTT delivered the opinion of the court:

The respondent father, Norris P. Lohman, filed a petition for a rule to show cause, alleging that the petitioner mother, Judith L. Potts, had failed to pay one-half of their children's educational expenses as provided by a September 16, 1983, court order. After a hearing on the merits, the trial court denied Norris' petition, holding that his claim was barred by principles of *res judicata* and estoppel. He appeals.

The record reveals that the parties' marriage was dissolved on July 8, 1976. Custody of the couple's three minor children, Rick, Steve, and Chris, was awarded to Judith. Pursuant to a property settlement agreement made part of the judgment for dissolution, Norris was ordered to pay $400 a month in child support. On September 16, 1983, pursuant to Judith's petition to modify the dissolution decree, an agreed order was entered by the court. The portion of the order relevant to this appeal provided that the parties would share equally in the college expenses of their children.

The record shows that around the time of the September 16, 1983, order, Rick began his college education. He eventually spent two years at Joliet Junior College and two years at Illinois State University, where he completed his senior year in May of 1987. During those four years, Rick spent $5,724.76 on tuition, fees, and books. Norris gave Rick checks amounting to $6,556.59 for those expenses. Judith's contribution to Rick's educational expenses consisted of paying $70 he owed for a parking ticket, and following graduation, giving him $2,500.

In September of 1985, Steve, the parties' second child, began attending the University of Illinois. For the 1985-1986 school year, he received grants and scholarships which covered his educational ex-

penses. However, for the 1986-1987 school year he received no scholarship money and as a result incurred educational expenses of $2,128.40. Norris gave him a check for $2,650 to cover those expenses. During the summer of 1986, Steve attended Joliet Junior College and Judith gave him $105 to cover that tuition.

In November of 1986, Norris wrote Judith a letter reminding her of the 1983 agreement and her duty to pay half of the children's educational expenses. On November 19, 1986, Judith filed a petition to modify the judgment of dissolution by increasing the amount of Norris' monthly child support obligation to 20% of his net income. On July 29, 1987, an agreed order was entered whereby Norris agreed to pay a greater amount of monthly child support for Chris, the only child still living with Judith. The order further provided that Judith would pay one-third of Steve's and Chris' educational expenses, while Norris would pay the balance. The order did not mention college expenses for Rick, who had graduated about two months earlier.

In November of 1987, Norris wrote a letter to Judith informing her that she still owed one-half of Rick's and Steve's educational expenses for the period from the 1983 order until the 1987 order. After waiting a few months, Norris filed a petition for the issuance of a rule to show cause why Judith should not be held in contempt of court for failing to comply with the court's September 16, 1983, order. Judith filed a response to the petition, alleging that the matter of unpaid educational expenses had been resolved by the 1987 order and that Norris' petition should be dismissed since the 1987 order made no mention of her arrearage in educational expenses. Following a hearing on the matter, the trial court dismissed Norris' petition, finding that the doctrines of *res judicata* and estoppel barred his claim. Norris then filed a motion to reconsider. After hearing arguments on the motion, the trial court denied it.

■ Initially, we note that Judith has not filed an appellee's brief. This will not preclude our consideration of the merits of this case, since the record is complete and the issues are straightforward. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

On appeal, Norris argues that the judgment in the previous action did not bar his current claim. He contends that the trial court erroneously applied the doctrines of *res judicata* and estoppel.

■ The doctrine of *res judicata* reflects the public policy favoring finality in litigation and judicial economy. (*Pfeiffer v. William Wrigley Jr. Co.* (1985), 139 Ill. App. 3d 320, 484 N.E.2d 1187.) The doctrine is divided into two branches: estoppel by judgment, some-

times referred to as *res judicata*; and estoppel by verdict, also known as collateral estoppel. (*Redfern v. Sullivan* (1983), 111 Ill. App. 3d 372, 444 N.E.2d 205.) Estoppel by judgment provides that a valid judgment in a previous action between the parties bars a subsequent action between those parties on the same claim or cause of action; the doctrine applies not only to those issues which were actually raised in the first proceeding, but also to any issues which might have been raised in that proceeding. (*Redfern v. Sullivan* (1983), 111 Ill. App. 3d 372, 444 N.E.2d 205.) However, the dimension of estoppel by judgment that bars matters which might have been litigated applies only where the first and second causes of action are identical. (*Pfeiffer v. William Wrigley Jr. Co.* (1985), 139 Ill. App. 3d 320, 484 N.E.2d 1187.) Causes of action are identical where the evidence necessary to sustain the second cause would have sustained the first cause, or where the causes of action are based on a common core of operative facts. *Cangas v. Marcus Auto Lease Corp.* (1988), 176 Ill. App. 3d 127, 530 N.E.2d 1101.

■ In the instant case, Norris' current claim was not identical to Judith's claim in the previous action. An examination of the proof required in the two actions reveals that the same evidence would not sustain both actions and that the facts essential to one cause would not be essential to the other. Norris' current action requires proof of the past educational expenses actually incurred by the children and proof of nonpayment of one-half of those expenses by Judith. On the other hand, Judith's claim for modification of child support required proof of a substantial change in circumstances since the last decree. (Ill. Rev. Stat. 1987, ch. 40, par. 510(a).) Further, in modifying Norris' support obligation, the court had to consider the relevant statutory factors, which included the financial resources of the child, the financial resources and needs of the custodial and noncustodial parents, and the standard of living the child would have enjoyed had the marriage continued. (Ill. Rev. Stat. 1987, ch. 40, par. 505(2).) There is no significant evidentiary overlap between these causes. Thus, Judith's action seeking an increase in child support for Chris had no effect on Norris' action seeking reimbursement from Judith for her alleged failure to contribute to Rick's and Steve's college expenses.

■ The doctrine of estoppel by verdict (collateral estoppel) is also inapplicable to the case at bar. Under this doctrine, a prior judgment estops the parties from relitigating those issues actually and necessarily decided in the prior action; however, collateral estoppel does not apply to issues which were not actually decided or which were incidental and not essential to the judgment in the prior action. (*Lael v.*

*Warga* (1987), 155 Ill. App. 3d 1005, 508 N.E.2d 1095.) If there is any uncertainty on this point, collateral estoppel will not be applied. (*Cangas v. Marcus Auto Lease Corp.* (1988), 176 Ill. App. 3d 127, 530 N.E.2d 1101.) The burden is on the person relying on the doctrine to show its applicability with certainty and clarity. *Redfern v. Sullivan* (1983), 111 Ill. App. 3d 372, 444 N.E.2d 205.

We find nothing in the record before us to suggest that the prior judgment actually or necessarily determined the parties' rights with respect to the alleged arrearage in Judith's contributions to the children's educational expenses. Furthermore, the relevant part of the 1987 consent order provided that Judith would pay one-third of Steve's and Chris' college expenses while Norris would pay the balance. We note that the order was silent regarding the alleged arrearage and that it did not mention Rick, who had previously graduated. It is the duty of the party asserting the defense of collateral estoppel to show with certainty and clarity what was determined by the prior judgment. We find that Judith did not meet this burden. Consequently, the prior judgment cannot be asserted under the doctrine of collateral estoppel to bar the instant action by Norris.

Accordingly, the judgment of the circuit court of Will County is reversed, and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

BARRY and STOUDER, JJ., concur.