PENNY DEFORD-GOFF, Plaintiff-Appellee, v. THE DEPARTMENT OF
PUBLIC AID *et al.*, Defendants-Appellants.

Fourth District    No. 4—95—0692

Argued April 12, 1996.—Opinion filed June 26, 1996.

James E. Ryan, Attorney General, of Chicago (Barbara A. Preiner, Solicitor General, and Mary E. Welsh (argued), Assistant Attorney General, of counsel), for appellants.

Lisa Y. Wilson (argued), of Prairie State Legal Services, of Peoria, for appellee.

JUSTICE McCULLOUGH delivered the opinion of the court:

Defendant, Illinois Department of Public Aid (Department), appeals from a judgment of the circuit court of Woodford County reversing a decision by the Department that it was entitled to recoup an overpayment of $173 in assistance benefits paid to plaintiff, Penny Deford-Goff, under Aid to Families with Dependent Children (AFDC). Relying on Cochran v. Illinois Department of Public Aid, No. 91—MR—15 (Cir. Ct. Woodford Co.), an unrelated case finding the Department equitably estopped from collecting an overpayment of AFDC benefits, the circuit court found the Department collaterally estopped from collecting the overpayment assessed against plaintiff. The Department appeals, alleging that neither collateral nor equitable estoppel prevents its recovery of the $173 overpayment made to plaintiff and that the circuit court's judgment was contrary to law.

The facts underlying the Department's decision are undisputed. Plaintiff and her two children were recipients of AFDC benefits. In October 1993 plaintiff timely reported to the Department that the children's father, who had moved into the residence, had begun working and she submitted his pay stubs. Through a computer error, the father's wages were not included in calculating the November 1993 benefits, which resulted in the $173 overpayment. Based on household income, plaintiff was thereafter ineligible for assistance benefits. A notice of the November overpayment and demand for restitution was issued December 1, 1993, and plaintiff requested an administrative hearing. At the hearing held May 12, 1994, plaintiff did not dispute the overpayment but argued that since it resulted from the Department's own error, she should not be held responsible for repayment and the Department should be equitably estopped from collection efforts. She also testified that she had spent the money for necessities and repayment would be a substantial hardship. The administrative decision submitted by the Director of the Department did not address

the issue of estoppel but indicated that under the Department's policies, appropriate action was required for all overpayments identified. The Director then affirmed the repayment order.

On administrative review, plaintiff argued that the Department was equitably and collaterally estopped from seeking recovery of the overpayment and that the Department had no statutory authority under Illinois law to seek recoupment. In support of her estoppel claims, plaintiff cited *Kruse v. Department of Public Aid*, 231 Ill. App. 3d 1052, 596 N.E.2d 743 (1992), in which the court had found the Department equitably estopped from seeking recoupment of a $2,000 overpayment in AFDC benefits caused by repeated errors in calculating the recipient's eligibility over a period of three years; it made no reference to federal law or regulations relating to recovery of AFDC overpayments. The circuit court apparently declined to rely on *Kruse* but held the Department collaterally estopped from seeking recovery based on Cochran, a Woodford County case in which the circuit court held the Department equitably estopped to recoup a single $177 AFDC overpayment resulting from Department error. Without analysis, and again without any reference to federal law, the Cochran court held that "[t]he burden of repaying money incorrectly issued by the [Department] cannot be laid at the feet of the Plaintiff as the amount of dollars, whether large or small, involved in any wrongdoing constitutes an injustice to the recipient of the wrongdoing." Cochran, No. 91—MR—15, slip order at 2 (Cir. Ct. Woodford Co.).

■ The doctrine of collateral estoppel precludes parties and their privies from relitigating in a subsequent action material facts which were specifically litigated and determined in a prior action. *Lange v. Coca-Cola Bottling Co. of Chicago, Inc.*, 44 Ill. 2d 73, 254 N.E.2d 467 (1969). The supreme court has eliminated the mutuality rule in that both parties to the prior and subsequent adjudication need not be identical for purposes of determining whether collateral estoppel may be imposed. *Herzog v. Lexington Township*, 167 Ill. 2d 288, 295, 657 N.E.2d 926, 930 (1995); see *Congregation of the Passion, Holy Cross Province v. Touche Ross & Co.*, 159 Ill. 2d 137, 152, 636 N.E.2d 503, 510 (1994); *Illinois State Chamber of Commerce v. Pollution Control Board*, 78 Ill. 2d 1, 7, 398 N.E.2d 9, 11-12 (1979). The factors necessary for application of collateral estoppel are (1) the fact or issue decided previously must be identical to that presented in subsequent litigation; (2) there must have been a final judgment on the merits; and (3) the party against whom estoppel is asserted must have been a party, or in privity with a party, in the prior adjudication. *Herzog*, 167 Ill. 2d at 295, 657 N.E.2d at 930. Moreover, for collateral estoppel to apply, the same facts or issues must have been

controlling of the determination made in both causes. *Congregation of the Passion*, 159 Ill. 2d at 153-54, 636 N.E.2d at 510.

The above rules are only threshold requirements for asserting collateral estoppel, however, and there are a number of exceptions which may preclude its application. While collateral estoppel may be imposed to preclude relitigation of factual questions, it cannot be invoked for questions of law. *Village of Northbrook v. Cannon*, 61 Ill. App. 3d 315, 322, 377 N.E.2d 1208, 1213 (1978); *Denton Enterprises, Inc. v. Illinois State Toll Highway Authority*, 77 Ill. App. 3d 495, 503-04, 396 N.E.2d 34, 40 (1979); *cf. Frankel v. Otiswear, Inc.*, 216 Ill. App. 3d 204, 213, 576 N.E.2d 955, 960 (1991).

■ Since the facts here are undisputed, the question on judicial review is one of law—whether the appropriate legal standard was applied to the undisputed facts. See *City of Chicago v. Department of Revenue*, 147 Ill. 2d 484, 491, 590 N.E.2d 478, 481 (1992). The question of the appropriate application of federal and state statutes and regulations for administering the AFDC program to the undisputed facts is one of law, as is the question of whether the facts proved constitute equitable estoppel. See *Hamilton v. Williams*, 214 Ill. App. 3d 230, 242, 573 N.E.2d 1276, 1284 (1991). Therefore, the Department was not collaterally estopped from seeking recovery of the AFDC overpayment.

Plaintiff contends that the circuit court's judgment must be affirmed because the Illinois Public Aid Code (Code) (305 ILCS 5/1—1 *et seq.* (West 1994)) shields innocent public assistance recipients like plaintiff from overpayment recoveries. Plaintiff contends that since section 11—18 of the Code (305 ILCS 5/11—18 (West 1994)) only expressly imposes repayment liability on current recipients who do not report changes affecting their eligibility status, the absence of a provision imposing liability on those who do correctly report indicates the legislature did not intend to impose sanctions for overpayments due solely to agency error. Plaintiff concedes that the Department has promulgated administrative regulations for recovery of overpayments, but she cites only section 165.104 of title 89 of the Illinois Administrative Code, arguing that it does not require but merely allows discretion as to overpayment recovery. 89 Ill. Adm. Code § 165.104 (1994). Contrary to plaintiff's contention that the Illinois regulations regarding overpayment recovery are permissive, section 165.10 of title 89 of the Illinois Administrative Code expressly provides that the "Department *** *shall* initiate action to recover all overpayments, whether or not a client is currently eligible for financial assistance." (Emphasis added.) 89 Ill. Adm. Code § 165.10 (1994). Section 165.104 of title 89 of the Administrative Code, which

plaintiff cites, merely outlines the various *methods* which the State may take to secure involuntary repayments and makes no reference to discretion to seek recoupment. 89 Ill. Adm. Code § 165.104 (1994).

Title IV—A of the Social Security Act (Act) (42 U.S.C. § 601 *et seq.* (1994)) establishes the AFDC program pursuant to which states adopting an approved plan are partially reimbursed for public assistance expenditures, providing the state complies with applicable federal regulations. 42 U.S.C. § 603 (1994). Illinois has elected to participate in the AFDC program, which is administered through the Department. 305 ILCS 5/1—1 *et seq.*, 4—1 *et seq.*, 12—4.5 (West 1994). Section 602(a)(22) of the Act expressly requires "that the State agency will promptly take all necessary steps to correct any overpayment or underpayment of aid under the State plan" except that it allows the State discretion to pursue recovery in instances where the recipient is no longer eligible for continued benefits and the cost of recovery would exceed the amount of the overpayment. 42 U.S.C. § 602(a)(22) (1994). Regulations promulgated under the Act provide that the "State must take all reasonable steps necessary to promptly correct any overpayment" "by appropriate action under State law." 45 C.F.R. §§ 233.20(a)(13)(i)(A), (a)(13)(i)(B) (1994).

It is clear from the above federal statutes and regulations that recoupment of AFDC overpayments is mandatory except in those limited instances when the State may decline to do so based on a weighing of recovery costs against the amount of the overpayment sought to be collected. Plaintiff's construction of section 11—18 of the Code would preclude the Department from collecting overpayments resulting from its own errors regardless of the sums involved, a scenario which violates the federal directives for state participation under the Act. The United States Supreme Court has held that a trial court considering a challenge to a state's administration of the AFDC program may not void the state's actions so long as they do not violate a specific provision of the Constitution or the Act. *New York State Department of Social Services v. Dublino*, 413 U.S. 405, 423 n.29, 37 L. Ed. 2d 688, 700 n.29, 93 S. Ct. 2507, 2518 n.29 (1973). There was, therefore, no statutory basis for the trial court to reverse the Department's decision to seek recovery of the AFDC overpayment.

■ Plaintiff last argues that the Department is equitably estopped to seek recovery of the overpayment. "Generally, the doctrine of equitable estoppel may be invoked when a party reasonably and detrimentally relies on the words or conduct of another." *Brown's Furniture, Inc. v. Wagner*, 171 Ill. 2d 410, 431 (1996). The circuit court here expressly relied on Cochran, which in turn relied on the

Third District Appellate Court's imposition of estoppel against the Department in *Kruse*. Plaintiff contends that she detrimentally relied on the Department's error of sending her the AFDC overpayment simply because she was unaware of the error, spent the funds upon receipt, and repayment would impose a hardship.

There is a strong public policy disfavoring the imposition of equitable estoppel against the State. *Marx v. State*, 165 Ill. App. 3d 332, 336, 519 N.E.2d 82, 84 (1988). When equitable estoppel is invoked against the State, it will be applied only to prevent fraud and injustice. *Jack Bradley, Inc. v. Department of Employment Security*, 146 Ill. 2d 61, 81, 585 N.E.2d 123, 132 (1991). The policy underlying the disfavor of its imposition against the State is that to do so might "impair the functioning of the State in the discharge of its government functions, and that valuable public interests may be jeopardized or lost by the negligence, mistakes or inattention of public officials." *Hickey v. Illinois Central R.R. Co.*, 35 Ill. 2d 427, 447-48, 220 N.E.2d 415, 426 (1966). This is particularly true when public revenues are involved (*Brown's Furniture*, 171 Ill. 2d at 431) and only extraordinary circumstances will estop the State in collecting the public revenue. *National Service Lines, Inc. v. Edgar*, 129 Ill. App. 3d 729, 731, 473 N.E.2d 134, 135 (1985). The affirmative acts of the State inducing detrimental reliance in another generally must be the acts of the State itself, such as legislation, rather than the unauthorized acts of a ministerial officer. See *Bank of Pawnee v. Joslin*, 166 Ill. App. 3d 927, 939, 521 N.E.2d 1177, 1185 (1988). As stated in *Halleck v. County of Cook*, 264 Ill. App. 3d 887, 894, 637 N.E.2d 1110, 1114-15 (1994), quoting *City of Chicago v. Unit One Corp.*, 218 Ill. App. 3d 242, 246, 578 N.E.2d 194, 197 (1991):

> "If a [government entity] were held bound through equitable estoppel by an unauthorized act of a governmental employee, then the [government] would remain helpless to remedy errors and forced to permit violations 'to remain in perpetuity.'"

In *Brown's Furniture*, an out-of-state retailer was held liable for collection and payment of Illinois use tax. The retailer contended the state agency was estopped from collecting the tax since it had been informed by an agency employee that it was not required to do so and had previously received differing explanations of why it was liable for the tax. The supreme court held that the State was not estopped by misinformation given by agency employees and there was no evidence the agency had fraudulently or unjustly misled the retailer into not collecting the tax. *Brown's Furniture*, 171 Ill. 2d at 432.

With regard to public assistance overpayments in particular,

courts in other jurisdictions have found that administrative errors resulting in overpayments do not permit invocation of equitable estoppel. See *Lewis v. State of Florida, Department of Health & Rehabilitative Services*, 659 So. 2d 1255 (Fla. App. 1995); *Prince v. Division of Family Services*, 886 S.W.2d 68, 73-74 (Mo. App. 1994); *Anderson v. Commissioner of the Department of Human Services*, 489 A.2d 1094, 1099 (Me. 1985). In other cases which imposed equitable estoppel against the state, the circumstances generally indicated that the recipient of the overpayments had foregone other aid in reliance on the improperly granted benefits. See *Kramarevcky v. State of Washington, Department of Social & Health Services*, 122 Wash. 2d 738, 741, 863 P.2d 535, 537 (1993) (*en banc*) (recipient could have been eligible for job training reimbursement absent receipt of assistance overpayment); *Lentz v. McMahon*, 49 Cal. 3d 393, 401, 777 P.2d 83, 87, 261 Cal. Rptr. 310, 314 (1989) (estoppel against a welfare agency may be appropriate where the agency error causes a claimant to lose a benefit to which she was otherwise entitled). No such egregious circumstances appear in this case, as a single computer error resulted in an overpayment in the final assistance check to which plaintiff was entitled.

The *Kruse* court held the Department estopped from collection efforts, noting that it expressed no opinion on an overpayment resulting from a single miscalculation, as is the case here. It also acknowledged that its decision was a departure from case law holding that only the acts of the government body itself, and not those of its ministerial officials, would permit estoppel to lie against the government body. *Kruse*, 231 Ill. App. 3d at 1056, 596 N.E.2d at 746.

We also reject the claim that simply because plaintiff cashed and used her AFDC check she detrimentally relied on a representation by the Department. In *Heckler v. Community Health Services of Crawford County, Inc.*, 467 U.S. 51, 61, 81 L. Ed. 2d 42, 53, 104 S. Ct. 2218, 2225 (1984), the United States Supreme Court found no detrimental reliance occurred when the only harm to a recipient of an overpayment of public assistance funds was an inability to retain money which should never have been received in the first instance. So it is in this case. Plaintiff's expenditure of funds to which she was never entitled does not support a claim of detrimental reliance or preclude the Department from recovery of the overpayment made.

The decision of the circuit court is reversed and the Department's

finding that it is entitled to seek recovery of $173 in AFDC assistance benefits overpaid to plaintiff is reinstated.

Circuit court reversed; decision of the Department reinstated.

COOK, P.J., and GARMAN, J., concur.