*In re* ESTATE OF GEORGE F. DICK, JR., Deceased (Helen A. Dick, Petitioner-Appellant, v. George F. Dick III, Ex'r-Appellee).

Fourth District   No. 4—89—0211

Opinion filed August 17, 1989.—Rehearing denied September 19, 1989.

Helen A. Dick, appellant *pro se.*

No brief filed for appellee.

John E. Fick and William M. Rice, both of Samuels, Miller, Schroeder, Jackson & Sly, of Decatur, for *amicus curiae.*

JUSTICE LUND delivered the opinion of the court:

This appeal follows another attempt by petitioner Helen A. Dick to relitigate matters relating to the estate of George F. Dick, Jr., deceased. The estate proceedings were finalized by orders of July 5, 1956. Also involved are petitioner's past actions against executor George F. Dick III and the Peoples Bank of Bloomington, Bloomington, Illinois (Bank). Basically, the present action is another attempt to litigate ownership of 80 shares of the Bank's common stock eventually left to George F. Dick III under the will of George F. Dick, Jr.

Petitioner's last litigation relating to these matters ended when the Illinois Supreme Court refused to hear an appeal from our Rule 23 order filed June 9, 1988. (*In re Estate of Dick* (4th Dist. 1988), No. 4—87—0809 (unpublished order under Supreme Court Rule 23).) On November 23, 1988, petitioner filed a revocation of waiver of final notice under the George F. Dick, Jr., estate heading and file number. Petitions for citation were also filed by her in 1988 in the estate file. On February 24, 1989, the circuit court of McLean

County entered an order stating the estate was closed, and the recent filings were of no legal effect. Petitioner appeals.

The Dick family and the Bank have been parties of interest in two appeals to this court. (See *Peoples Bank v. Dick* (4th Dist. 1985), No. 4—85—0110 (unpublished order under Supreme Court Rule 23); *In re Estate of Dick* (4th Dist. 1988), No. 4—87—0809 (unpublished order under Supreme Court Rule 23).) An examination of the record establishes that the present proceedings are an attempt to sidestep our previous decisions. *Res judicata* applies, and the trial court must be affirmed:

> "The doctrine of res judicata is based on requirements of justice and public policy and reflects a public policy that requires an end to litigation after each party has had a full opportunity to present all pertinent facts. The doctrine rests on the policy of the law against the bringing of vexatious actions, and its purposes are to protect the defendant from harassment and the public from multiple litigation." (23A Ill. L. & Prac. *Judgments* §281, at 74-75 (1979).)

Trial courts should consider sanctions under Supreme Court Rule 137 (134 Ill. 2d R. 137) if future actions similar to the present one are filed by petitioner. Injunctive relief might well be appropriate. We are not entering sanctions under Supreme Court Rule 375 (134 Ill. 2d R. 375) because this appeal preceded the August 1, 1989, effective date of the rule.

The judgment of the circuit court of McLean County is affirmed.

Affirmed.

McCULLOUGH, P.J., and SPITZ, J., concur.