HELEN A. DICK, Plaintiff-Appellant, v. PEOPLES MID-ILLINOIS COR-
PORATION *et al.*, Defendants-Appellees.

Fourth District   No. 4—89—0536

Opinion filed March 22, 1990.—Rehearing denied April 25, 1990.

Helen A. Dick, of Moline, appellant *pro se.*

John E. Fick and William M. Rice, both of Samuels, Miller, Schroeder, Jackson & Sly, of Decatur, for appellees.

JUSTICE McCULLOUGH delivered the opinion of the court:

Plaintiff Helen A. Dick is before this court for the fourth time on a matter involving the actions of defendant, Peoples Bank of Bloomington (Bank), now Peoples Mid-Illinois Corporation (holding company), as trustee of the estates of George F. Dick, Jr. (George Jr.), and Althea M. Dick. The trial court dismissed plaintiff's *pro se* amended complaint filed in May 1989, finding it was barred by *res judicata*, collateral estoppel, and the applicable statute of limitations. Plaintiff on appeal contends (1) her action is not barred by the statute of limitations; and (2) *res judicata* does not apply because this is a new action against the Bank and holding company. We affirm in part, reverse in part and remand.

This court is well acquainted with the parties and the subject matter of their ongoing dispute. Because the facts have been set out in prior appeals, they will now be stated only as necessary to a determination of the appealed issue. *Peoples Bank v. Dick* (1985), 135 Ill. App. 3d 1170 (unpublished order under Supreme Court Rule 23); *Dick v. Dick* (1988), 169 Ill. App. 3d 1175 (unpublished order under Supreme Court Rule 23); *In re Estate of Dick* (1989), 187 Ill. App. 3d 77, 543 N.E.2d 339.

In May 1982, plaintiff filed a diversity action in the Federal court in Maine against the Bank, and requested money damages for the

transfer of Bank shares by George F. Dick III (George III) to himself, or an injunction directing the Bank as trustee to file suit against George III as former trustee under George Jr.'s will. Plaintiff obtained a voluntary dismissal of that action in July of 1982.

In an action filed in September 1982 (1982 action) by the Bank as successor trustee against George III as former trustee, it was determined by the court that the transfer of shares to George III prior to Althea's death violated the provisions of George Jr.'s will. The order in the 1982 action directed George III to account for all shares from March 31, 1959, the date of the transfer of shares to George III, through October 10, 1976, the day of his mother's death. Before any accounting was prepared, the Bank and George III entered into a settlement of all issues raised in the 1982 action.

Plaintiff was a named defendant in the 1982 action and participated in it by filing a counterclaim against George III, alleging breach of his fiduciary duties to Althea's estate. In her counterclaim, plaintiff requested, *inter alia,* (1) George III account for all his acts as fiduciary, and all dividends and profits and gains achieved as a result of the using of the shares as collateral for personal loans; (2) exemplary damages for George III's breach of fiduciary duty; and (3) an injunction barring George III from voting any bank shares for the benefit of plaintiff. Plaintiff objected to the settlement between the Bank and George III and was not a party to the settlement. The trial court dismissed plaintiff's counterclaim, and plaintiff appealed the dismissal to this court. One of the issues plaintiff raised was the impropriety of the settlement between the Bank and George III. This court found plaintiff was barred from raising the impropriety of the settlement when she had not raised the issue in the trial court. The order of the trial court in the 1982 action was affirmed. (*Peoples Bank v. Dick* (1985), 135 Ill. App. 3d 1170 (unpublished order under Supreme Court Rule 23).) No appeal was taken by George III or the Bank from the order regarding the shares entered in the 1982 action. The settlement agreement is not part of the record before this court.

In March 1986, plaintiff attempted to reopen Althea's estate by alleging George III engaged in fraud while executor of the estate and, thus, the order of discharge George III obtained was void. The trial court dismissed three of the four counts. The remaining count alleged the order of discharge George III obtained for Althea's estate was void because George III fraudulently failed to file a will Althea executed jointly with George Jr.'s will. Further, plaintiff alleged the improper transfer of shares in 1959 to George III and the improper use of such shares as collateral for personal loans. Plaintiff requested the

order of discharge be vacated, an accounting be made of the proceeds of a personal loan George III obtained, and damages. The trial court denied the petition, finding George III's final report as executor of his mother's estate, filed in 1979, was binding on the plaintiff. Plaintiff appealed the order to this court, arguing it was against the manifest weight of the evidence. This court concluded plaintiff was barred by *res judicata* from relitigating the shares issue against George III. This court further concluded the settlement was determinative of claims brought against George III, including those involving improper benefits received as a result of the stock transfer. *Dick v. Dick* (1988), 169 Ill. App. 3d 1175 (unpublished order under Supreme Court Rule 23).

In November 1988, plaintiff attempted to reopen her father's estate to litigate the ownership of the aforementioned bank shares. Plaintiff filed a document entitled "Revocation of Waiver," and four other documents entitled "Petition for Citation." Plaintiff's claims were denied by the trial court. This court affirmed, finding *res judicata* barred plaintiff from relitigating the ownership of the Bank stock. *In re Estate of Dick* (1989), 187 Ill. App. 3d 77, 543 N.E.2d 339.

Plaintiff filed the action which is the subject of this appeal in December 1988. Plaintiff amended her complaint in May 1989. In essence, plaintiff alleged the Bank breached its fiduciary duty as trustee to her by, *inter alia*, (1) not informing her of facts necessary for her to protect her interests as beneficiary; (2) failing to obtain all of the trust property for George Jr.'s estate from George III; (3) improperly settling all claims with George III without the court-ordered accounting in the 1982 action; (4) improperly transferring shares of Bank stock rightfully the property of George Jr.'s estate to George III; (5) improperly allowing the commingling of shares owned by George Jr.'s estate with those owned by George III; (6) improperly allowing the Bank's shares owned by George Jr.'s estate to be pledged by George III as collateral for various personal loans; (7) failing to compel the holding company to deliver the Bank shares to the Bank as trustee of George Jr.'s estate; (8) failing to ask that a different trustee be appointed for the 1982 litigation against George III because George III was then a director of the holding company; and (9) depriving the trust beneficiaries, including plaintiff, of the highest possible income by withholding cash dividends on Bank shares to accumulate profits. Plaintiff asked for (1) a declaratory judgment that 38,400 shares of Bank stock properly belong to the estate of George Jr.; (2) an accounting and delivery of such shares and dividends which should have

been paid since 1976; (3) damages; (4) removal of the Bank as trustee of the trust; (5) an accounting and delivery of all management fees collected by the Bank as trustee; and (6) an accounting and delivery of all director's fees, bonuses, and gifts paid to George III by the Bank and holding company since March 1980. The trial court found plaintiff's prior actions involving the same subject barred this action and dismissed the complaint pursuant to sections 2—619(a)(4) and (a)(5) of the Civil Practice Law (Ill. Rev. Stat. 1987, ch. 110, pars. 2—619(a)(4), (a)(5)). The trial court also found the action was barred on limitations grounds.

Plaintiff first argues the trust in this matter is an express active trust and the five-year statute of limitations in section 13—205 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 13—205) does not begin to run until the trust is repudiated or terminated. Since neither event has occurred, the trial court erred in finding plaintiff's action was time-barred. Next, plaintiff contends the finding in the 1982 action that the transfer of shares in 1959 violated the provisions of George Jr.'s will is binding *against* the Bank and holding company in this action, but does not bar plaintiff from suing the Bank in this action. Third, plaintiff argues this action is not the same as previous actions involving these parties but presents issues never litigated between the plaintiff, the Bank, and the holding company.

■■ When considering a motion to dismiss, all well-pleaded facts are admitted and taken as true. (*Long v. City of New Boston* (1982), 91 Ill. 2d 456, 440 N.E.2d 625.) In determining the propriety of the dismissal of a complaint, the reviewing court is concerned only with the questions of law presented in the pleadings. *People ex rel. Lee v. Kenroy, Inc.* (1977), 54 Ill. App. 3d 688, 690-91, 370 N.E.2d 78, 80.

■■ We first consider the limitations issue. The trust in this case is an express active trust because it was created in express terms in George Jr.'s will and the trustee was charged with active duties to carry out the purpose of the trust. (*Price v. Illinois* (1979), 79 Ill. App. 3d 143, 148, 398 N.E.2d 365, 370.) The statute of limitations does not begin to run against such a trust until the trust is repudiated or the trust relation between the parties comes to an end. (*Piff v. Berresheim* (1950), 405 Ill. 617, 626, 92 N.E.2d 113, 118.) The trust in this case does not terminate until the death of Eleanor D. Lyon, one of the beneficiaries now living. Further, the trust has not been repudiated. We conclude the statute of limitations does not bar plaintiff's action and find error in the trial court's finding to the contrary.

■■ Next, we address the *res judicata* issues raised in this action. The trial court found both *res judicata* and collateral estoppel barred

plaintiff from bringing this action. *Res judicata* is a doctrine which reflects the public policy favoring finality of litigation and judicial economy. (*Decatur Housing Authority v. Christy-Foltz, Inc.* (1983), 117 Ill. App. 3d 1077, 454 N.E.2d 379.) The doctrine of *res judicata* provides:

" '[A] final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies, and, as to them, constitutes an absolute bar to a subsequent action involving the *same* claim, demand or cause of action. [Citations.]' " *Housing Authority for La Salle County v. YMCA* (1984), 101 Ill. 2d 246, 251, 461 N.E.2d 959, 961-62.

Collateral estoppel is a branch of *res judicata* but is narrower in its scope. (*Decatur Housing Authority*, 117 Ill. App. 3d at 1082, 454 N.E.2d at 383.) It applies when a party or someone in privity with a party participates in two separate and consecutive cases arising on *different* causes of action and some controlling fact or question material to the determination of both causes has been adjudicated against that party in a former suit. (*Housing Authority*, 101 Ill. 2d at 252, 461 N.E.2d at 962.) Thus, where the parties are the same and the same subject matter is the basis for the action, but there is a different claim or demand, the prior judgment operates to bar relitigation of only those matters in issue and is conclusive only as to those questions actually raised and determined in the earlier action. (*In re Estate of Garrett* (1969), 109 Ill. App. 2d 243, 247, 248 N.E.2d 539, 541.) The test to determine whether the second cause of action presents a new action is whether the underlying facts are identical in both actions and whether the same evidence would sustain both actions. *Bass v. Scott* (1979), 79 Ill. App. 3d 224, 226, 398 N.E.2d 236, 238.

We find the trial court erred in dismissing plaintiff's entire complaint. However, we also find plaintiff is barred from relitigating *any issue* regarding (1) the impropriety of the 1959 transfer of shares to George III; (2) the impropriety of the settlement between the Bank and George III; (3) the impropriety of George III's use of the Bank shares as collateral for personal loans; (4) any impropriety in actions of the Bank and holding company in collecting bank shares plaintiff alleges belong to George Jr.'s estate; and (5) any impropriety in the actions of the Bank in allowing bank shares owned by the estate of George Jr. and those owned by George III to be commingled. It is true plaintiff's prior actions involved George III's fiduciary duties while trustee and executor of his father's and mother's estates. However, these actions involved the several matters we heretofore noted,

which were litigated and, thus, cannot be raised again. In portions of the amended complaint, petitioner is looking to recover against the Bank for violations of its fiduciary duties owed to her as successor trustee. The same evidence will not sustain these claims as sustained the findings in the prior actions.

We conclude plaintiff's amended complaint, while repetitive in parts and replete with conclusions and irrelevant information, contains some allegations which would support a new action and, thus, these claims are not barred by the principles of *res judicata*. We express no opinion on the merits or success of these claims, but merely find plaintiff is entitled to her day in court on these claims. We direct, however, that those portions of plaintiff's amended complaint dealing with matters barred by *res judicata* and collateral estoppel are to be stricken on remand.

Accordingly, the order of the trial court is affirmed in part, reversed in part and this cause is remanded for proceedings consistent with this opinion.

Affirmed in part; reversed in part and remanded.

SPITZ and GREEN, JJ., concur.