HELEN A. DICK, Plaintiff-Appellant, v. PEOPLES MID-ILLINOIS COR-PORATION et al., Defendants-Appellees.

Fourth District    No. 4—92—0429

Opinion filed March 4, 1993.

Helen A. Dick, of Moline, appellant *pro se*.

John E. Fick, of Samuels, Miller, Schroeder, Jackson & Sly, of Decatur, for appellees.

JUSTICE McCULLOUGH delivered the opinion of the court:

Plaintiff Helen A. Dick is before this court for the fifth time. (See *Peoples Bank v. Dick* (1985), 135 Ill. App. 3d 1170, 496 N.E.2d 1279 (unpublished order under Supreme Court Rule 23) (*Dick I*); *Dick v. Dick* (1988), 169 Ill. App. 3d 1175, 540 N.E.2d 583 (unpublished order under Supreme Court Rule 23) (*Dick II*); *In re Estate of Dick* (1989), 187 Ill. App. 3d 77, 543 N.E.2d 339 (*Dick III*); *Dick v. Peoples Mid-Illinois Corp.* (1990), 195 Ill. App. 3d 654, 552 N.E.2d 385 (*Dick IV*). In *Dick IV*, this court held plaintiff's complaint contained some allegations which would support a new action and thus were not barred by the principles of *res judicata*. Accordingly, this case was remanded to the trial court. (*Dick*, 195 Ill. App. 3d at 660, 552 N.E.2d at 389.) Upon remand, the trial court granted defendant's motion to dismiss plaintiff's amended complaint with prejudice. Plaintiff now appeals that dismissal and we affirm.

The long background of this case was set forth in *Dick IV* and will only be repeated here as necessary for the resolution of the issues presented. Basically, each of plaintiff's appeals has attempted to relitigate matters relating to the estates of George F. Dick, Jr. (George, Jr.), plaintiff's deceased adoptive father, and that of Althea M. Dick (Althea), plaintiff's deceased adoptive mother. George, Jr., and Althea had three natural children, George F. Dick III (George III), Helen Dick (who is a different person than plaintiff Helen *A.* Dick), and Eleanor D. Lyon; in addition, they adopted plaintiff Helen *A.* Dick, Eleanor's daughter and their granddaughter.

George, Jr., an attorney, died in 1955. In his will, he left the bulk of his property to his wife, Althea, in the form of a life estate. George, Jr.'s will also left 80 shares of stock in Peoples Bank of Bloomington to his son, George III, an attorney, to be assigned and transferred to him *after* Althea's death, as and for his individual property. However, in 1959, prior to Althea's death, George III persuaded Althea to transfer the 80 shares of stock to him. The stock has since split, thereby greatly increasing its value. George, Jr.'s will also created trusts for the remaining interests naming plaintiff, his adopted daughter, and Eleanor Dick Lyon and Helen Dick, his two natural daughters, as beneficiaries; the trust was to terminate upon daughter Eleanor's death, the remainder, with adjustments for withdrawals, to be divided one-third to Helen Dick, one-third to Helen A. Dick, and one-third to George III. George III was trustee of this trust and served in such capacity until 1978 when he resigned. Defendant, the Peoples Bank (bank), formerly known as Peoples Bank of Bloomington, became successor trustee.

Althea died testate in 1976. Her will gave her personal belongings to her natural daughter, Helen. The remainder of her estate was divided into thirds, to be distributed to Helen, Eleanor, and plaintiff. Helen's share was given outright while Eleanor's and plaintiff's shares were put into trust. George III was named executor of Althea's will and the bank was trustee of this trust.

The final report of Althea's estate was approved and George III was discharged as executor in 1979. A letter was filed with the court prior to this discharge stating that plaintiff and Eleanor objected to George III's final report and asked the court not to discharge him from his duties as executor. In February 1979, Eleanor filed a petition to vacate the order of discharge but later withdrew that petition.

In 1982, the bank filed an action as successor trustee of the trust created by the will of George, Jr., and as trustee of the trusts created by the will of Althea, for a construction of these trusts and the pro-

priety of actions taken by George III. It was determined that the transfer of the 80 shares of stock to George III prior to Althea's death violated the provisions of George, Jr.'s will. George III was ordered to prepare an accounting of all shares from the date of that transfer through the date of Althea's death. However, before that accounting was done, the bank and George III reached a settlement agreement. Plaintiff was a named defendant in this action and participated by filing a counterclaim against George III for breach of fiduciary duties. The trial court dismissed plaintiff's counterclaim and plaintiff appealed. Neither George III nor the bank appealed the orders entered in the 1982 action. One of the issues plaintiff raised in *Dick I* was the impropriety of the settlement between the bank and George III, an issue she had failed to raise in the trial court. This court held plaintiff was barred from raising any alleged impropriety in the settlement when she had not raised the issue in the trial court. This court affirmed the dismissal of the counterclaim. *Peoples Bank v. Dick* (1985), 135 Ill. App. 3d 1170, 496 N.E.2d 1279 (unpublished order under Supreme Court Rule 23).

In 1986, plaintiff began filing her various complaints relating to this litigation. Plaintiff has filed complaints against George III for allegedly fraudulent acts he took while trustee of the trust created under George, Jr.'s will and as executor of Althea's will, has attempted to reopen Althea's estate, and then her father's estate, and has most recently begun actions against the bank.

The complaint at issue in this appeal was filed in February 1991 after remand by this court in *Dick IV*. Plaintiff amended her complaint in August 1991 and it is divided into two counts. Peoples Mid-Illinois Corporation (holding company) is a holding company which was formed in 1971. Both the holding company and the bank were named as defendants, individually, and as trustee under the trusts created by the wills of George, Jr., and Althea.

Count I alleged defendants breached certain fiduciary duties owed to plaintiff as the beneficiary of the trusts created under George, Jr.'s and Althea's wills. Plaintiff alleged the bank acquired certain duties owed to her when it accepted the responsibility as successor trustee of the trust created under the will of George, Jr., and as trustee of the trust created by the will of Althea. Plaintiff alleged these duties included the duty to examine the wills of George, Jr., and Althea, to determine what property constituted the corpus of those trusts and to determine whether George III properly delivered all of that property to the bank as successor trustee and trustee.

Plaintiff further alleged the bank breached these duties by retaining shares of the holding company as an investment of the trusts. Plaintiff alleged the interest of the holding company in accumulating profits instead of paying cash dividends is in conflict with all persons having a beneficial interest in the shares of the holding company. Plaintiff concluded the trusts have suffered great losses and the holding company has benefitted as a result of the breach of fiduciary duty by the bank.

Plaintiff further alleged the bank breached a duty of undivided loyalty to her and the duty to manage and care for the trust estates in the same manner that any prudent man would manage and care for his property by allowing George III to vote holding company shares which were property of the estate of George, Jr., and allowing directors of the holding company to receive year-end bonuses and payments for attending meetings of the board of directors of the holding company.

Count II of plaintiff's amended complaint alleged defendant bank breached its fiduciary duty by failing to inform her of facts relating to actions taken by George III. Two of these acts included allowing George III, as trustee of the estate of George, Jr., to vote for stock dividends and splits of holding company stock, thereby increasing the value of those stocks while he was chairman of the board of directors of the bank.

Plaintiff next alleged defendant bank falsely represented to her that it had "lost" count I of its 1982 complaint which sought a determination of whether the transfer of the 80 shares from Althea to George III during Althea's lifetime was proper and whether George III should have received 80 shares (rather than the 2,400 received because of the subsequent stock splits) of stock upon Althea's death. Plaintiff alleged that under the terms of the settlement agreement George III paid $120,000, of which $60,000 was to be applied to the trust established under George, Jr.'s will, $20,000 was to be applied to Althea's trust for Eleanor, $20,000 was to be applied to Althea's trust for Helen A. Dick, and $20,000 was to be applied to the bank's attorney fees. Plaintiff alleged the settlement agreement between George III and defendant was a representation that defendant had "lost" its count I of the 1982 action. She alleged that based on the representations of defendant, she believed defendant had "lost" its count I because it filed the cause of action in the wrong estate. Plaintiff, therefore, instead of attempting to set aside the settlement agreement between defendant bank and George III, filed a counterclaim against George III and tried to open Althea's estate to recover profits alleg-

edly obtained from George III. Plaintiff alleged defendant's failure to inform her of the facts surrounding George III's actions and the settlement agreement constituted a breach of fiduciary duty by the bank. Finally, plaintiff alleged defendants failed to serve her, as successor trustee, with undivided loyalty.

In her prayer for relief as to count I, plaintiff sought an order setting aside the purchase of shares of stock by the holding company from Althea's estate. Plaintiff further sought an order which found the transfer of stock from Althea to George III was improper and an order compelling the holding company to return certain shares of stock to trusts established by the wills of George, Jr., and Althea. Finally, plaintiff sought various relief against the bank, its officers and directors, and sought dissolution of the holding company.

As to count II, plaintiff sought an accounting for all management fees taken by the bank and George III, as successor trustee and trustee. Plaintiff wished to recover her litigation costs as to Althea's estate and the related appeals from 1984-88, and punitive damages against defendants for breach of fiduciary duty.

In September 1991, defendants filed their motion to dismiss pursuant to section 2—619 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1989, ch. 110, par. 2—619). Following a hearing in January 1992, defendants' motion was granted with prejudice. The trial court first found plaintiff was barred from relitigating issues regarding any wrongdoing of George III or the bank in its capacity as successor trustee and trustee of the trusts created under the wills of George, Jr., and Althea. The trial court further held plaintiff had no standing to challenge defendants' banking decisions with regard to forming the holding company and decisions not to pay stockholders dividends with profits from stock but instead to retain that money for other purposes. The trial court concluded the motion to dismiss should be granted because all issues raised by plaintiff were either barred by *res judicata*, the statute of limitations, or plaintiff's lack of standing. Plaintiff timely filed her notice of appeal.

Whenever the granting of a motion to dismiss is reviewed, all well-pleaded facts alleged in the complaint are taken as true, and the test for determining the propriety of granting the motion to dismiss is whether it appears no set of facts may be proved so as to entitle plaintiff to recover from defendant. (*Wheeler v. Caterpillar Tractor Co.* (1985), 108 Ill. 2d 502, 505-06, 485 N.E.2d 372, 374.) Any allegations which are merely conclusions, unsupported by allegations of specific facts, are not, however, admitted. *Toys "R" Us, Inc. v. Adelman* (1991), 215 Ill. App. 3d 561, 564, 574 N.E.2d 1328, 1330.

■ Section 2—619(a)(4) of the Code allows for the filing of a motion for involuntary dismissal based on defects or defenses enumerated in the statute. A defendant may seek an involuntary dismissal if the claim is barred by a prior judgment on a theory of collateral estoppel or *res judicata*. (Ill. Rev. Stat. 1989, ch. 110, par. 2—619(a)(4).) Whether to grant a motion to dismiss is within the sound discretion of the trial court and its decision will not be disturbed on appeal absent an abuse of that discretion. *City of Carbondale v. City of Marion* (1991), 210 Ill. App. 3d 870, 873, 569 N.E.2d 290, 292.

In *Dick IV*, this court held:

"[W]e also find plaintiff is barred from relitigating *any issue* regarding (1) the impropriety of the 1959 transfer of shares to George III; (2) the impropriety of the settlement between the Bank and George III; (3) the impropriety of George III's use of the Bank shares as collateral for personal loans; (4) any impropriety in actions of the Bank and holding company in collecting bank shares plaintiff alleges belong to George Jr.'s estate; and (5) any impropriety in the actions of the Bank in allowing bank shares owned by the estate of George Jr. and those owned by George III to be commingled. *** In portions of the amended complaint, petitioner is looking to recover against the Bank for violations of its fiduciary duties owed to her as successor trustee. The same evidence will not sustain these claims as sustained the findings in the prior actions.

We conclude plaintiff's amended complaint, while repetitive in parts and replete with conclusions and irrelevant information, contains some allegations which would support a new action and, thus, these claims are not barred by the principles of *res judicata*." (Emphasis in original.) *Dick*, 195 Ill. App. 3d at 659-60, 552 N.E.2d at 389.

Any allegations raised by plaintiff in her amended complaint regarding any issue addressing any of these five things are specifically barred by principles of *res judicata* and the holding in *Dick IV*. As we noted in *Dick IV*, plaintiff was only entitled to her day in court to allege facts relating to a breach of fiduciary duty by the bank as successor trustee. Accordingly, our analysis will only focus on those issues and attempt to glean from plaintiff's amended complaint whether she has alleged any facts which would support such a cause of action.

■ A trustee owes a fiduciary duty to the beneficiaries and is obligated to carry out the trust according to its terms and to act with the highest degree of fidelity and utmost good faith. A trustee is under a duty to serve the interest of the beneficiaries with complete loy-

alty, excluding all self-interest, and is prohibited from dealing with the trust property for his individual benefit. This rule is not, however, without exception. It is well established that a trustee may occupy conflicting positions in handling the trust where the trust instrument contemplates, creates, or sanctions the conflict of interest. The creator of the trust can waive the rule of undivided loyalty by expressly conferring upon the trustee the power to act in a dual capacity, or he can waive the rule by implication where he knowingly places the trustee in a position which might conflict with the interest of the beneficiaries. *In re Estate of Halas* (1991), 209 Ill. App. 3d 333, 344-45, 568 N.E.2d 170, 178.

▪ Where a conflict of interest is approved or created by the testator, the fiduciary will not be held liable for his conduct unless the fiduciary has acted dishonestly or in bad faith, or has abused his discretion. Further, where the will approves the conflict of interest, the burden of proof remains on the party challenging the fiduciary's conduct as there is no presumption against the fiduciary despite the divided loyalty. *Halas*, 209 Ill. App. 3d at 345, 568 N.E.2d at 178.

▪ A successor trustee shall have all the rights, powers and duties, which are granted to or imposed on the predecessor. (Ill. Rev. Stat. 1989, ch. 17, par. 1684.) If a trustee commits a breach of trust and is thereafter removed as trustee or dies or otherwise ceases to be trustee and a successor trustee is appointed, the latter is not liable for breaches of trust committed by the former. He does not by becoming trustee assume liabilities incurred by his predecessors. He is liable only if he himself is guilty of a violation of duty to the beneficiaries. A successor trustee is, however, liable if he as well as the predecessor is guilty of a violation of duty to the beneficiaries. This is the case (1) where his predecessor improperly purchased a retained property and he continues to retain it; (2) where he neglects to take proper steps to compel his predecessor to turn over trust property to him; or (3) where he neglects to take proper steps to compel his predecessor to redress a breach of trust committed by him. 3 A. Scott, Law of Trusts §223, at 397 (4th ed. 1988).

▪ In count I of plaintiff's complaint, she alleged the bank breached its fiduciary duty to examine provisions of George, Jr.'s and Althea's wills to determine what property formed the trusts, examine that property which had been received from George III to see if all property that he ought to have delivered to the bank was delivered, and to compel an accounting from George III and the duty to enforce claims to recover property belonging to said estates. Defendant has properly done all those things which it, as successor trustee, had an

obligation to do by pursuing the 1982 action against George III. That action resolved all matters between the bank as successor trustee and any impropriety by George III as trustee of the trust created under the will of George, Jr. Therefore, plaintiff has not alleged any cause of action against the bank as successor trustee for failing to inquire into any improper activities of the predecessor trustee.

Plaintiff also has alleged the bank breached its fiduciary duty by retaining shares of the holding company from George III as an investment for the trust and by allowing George III to vote holding company stock which was property of George, Jr.'s estate. In this case, George, Jr.'s will contemplated and approved the potential conflict of interest of the bank. George, Jr.'s will expressly provides that the trust can hold stock in Peoples Bank of Bloomington as an investment. George, Jr.'s will also expressly provides that George III is to vote any and all stock in Peoples Bank of Bloomington during the life of the trust. Finally, George, Jr.'s will nominated the bank as successor trustee with all the powers and authority given to George III. Thus, the bank cannot have breached any duty owed to plaintiff by retaining stock in the holding company as an investment, or by allowing George III to vote shares of the holding company stock, because both of these acts were expressly provided by George, Jr.'s will.

As to count II of plaintiff's complaint, she alleged the bank breached its fiduciary duty by failing to inform her of facts regarding the settlement agreement between it and George III, which failure caused her to attempt to recover profits from George III by way of a counterclaim and the reopening of Althea's estate. Plaintiff further alleged the bank breached its fiduciary duty by failing to file an action against George III for four years from the date of his resignation as trustee, and for failing to ask the court to appoint a different trustee during the pendency of the 1992 action. Finally, plaintiff alleged the bank breached its duty to manage the trust in the same manner that any prudent man would manage and care for his property and its duty of undivided loyalty by failing to inform her of these facts.

The only possible set of facts plaintiff has alleged which could state a cause of action revolve around the bank's failure to disclose to her the circumstances surrounding the settlement agreement and its effect upon her. As we noted above, plaintiff is absolutely barred from relitigating this issue. The other allegations contained in plaintiff's complaint regarding any alleged breach of fiduciary duty by the bank are merely conclusions unsupported by any factual basis.

In conclusion, plaintiff has alleged no set of facts which would state a cause of action against the bank for breach of fiduciary duty.

The bank as successor trustee took all proper steps toward discovering and correcting any fraudulent acts by George III. Moreover, the bank has not breached any duty owed to plaintiff by retaining holding company stock as an investment or by allowing George III to vote holding company stock because such acts are expressly permitted by George, Jr.'s will and any conflict of interest was specifically considered by George, Jr., in the creation of his will and the trust created under that will.

Accordingly, the trial court did not abuse its discretion when granting with prejudice defendants' motion to dismiss.

Affirmed.

STEIGMANN, P.J., and COOK, J., concur.