**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2021 IL App (3d) 200243

Order filed August 4, 2021

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2021

| | | |
|---|---|---|
| CINDY J. MORRISON, | ) | Appeal from the Circuit Court |
| | ) | of the 13th Judicial Circuit, |
| Plaintiff-Appellee, | ) | La Salle County, Illinois. |
| | ) | |
| v. | ) | |
| | ) | |
| GARY L. MORRISON, UNKNOWN | ) | Appeal No. 3-20-0243 |
| OWNERS AND NON-RECORD | ) | Circuit No. 18-CH-104 |
| CLAIMANTS, | ) | |
| | ) | |
| Defendants | ) | |
| | ) | Honorable |
| (Gary L. Morrison, | ) | Troy D. Holland, |
| | ) | Judge, Presiding. |
| Defendant-Appellant). | ) | |

JUSTICE LYTTON delivered the judgment of the court.
Presiding Justice McDade and Justice Wright concurred in the judgment.

**ORDER**

¶ 1    *Held*:  (1) Trial court did not err in entering summary judgment in favor of second co-trustee and directing first co-trustee to prepare and execute a trustee's quitclaim deed transferring the trust farm property to both parties as successor co-trustees of the trust.

¶ 2        Plaintiff Cindy J. Morrison, co-trustee of her father's trust, brought an action against co-trustee, Gary L. Morrison, seeking to quiet title and requesting reformation and rescission of a deed that transferred farm property into the trust and named Gary as the sole trustee. The parties filed cross-motions for summary judgment, and the circuit court granted Cindy's motion, finding that the trust language required both parties to act and serve as co-trustees and instructing Gary to execute a trustee's quitclaim deed transferring the trust property in the name of Gary and Cindy as co-trustees of the trust. Gary appeals, claiming that summary judgment should have been entered in his favor because Cindy failed to (1) accept the trusteeship, (2) file her cause of action within the applicable statute of limitations, and (3) plead the necessary facts to establish her claims. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4        Warren Morrison had three children: Roger Morrison, Gary Morrison, and Cindy Morrison (otherwise known as Cindy J. Swank). In March 2001, Warren created the Warren G. Morrison Declaration of Trust (Morrison Trust) and named himself as the trustee. He then deeded 76 acres of farmland, referred to as "the south 80 acres," into the trust.[1]

¶ 5        The fourth paragraph of the trust stated that upon Warren's death, the farmland was to be distributed to Roger and Gary in equal shares, and all the jewelry in the estate was to be given to Cindy. That paragraph also named Roger and Gary as co-successor trustees and appointed Cindy as a successor co-trustee. Specifically, the successor trustee provision stated:

        "If the trustee fails to act, or is unable to properly act, I hereby appoint Gary L. Morrison
        and Roger E. Morrison as Co-Successor Trustees. In the event either of my sons are unable

_____

[1] The record indicates that the legal description of the farmland equates to 76 acres. However, for consistency, we will refer to the parcel as the south 80 acres, as referenced by the parties in the record below and on appeal.

2

to act I hereby appoint Cindy J. Swank, as Successor Co-Trustee. In the event all three of my children fail to act or are unable to properly act, I hereby appoint William Silfies and Edith Silfies as Successor Co-Trustees in their place and stead. The Successor Co-Trustees shall have the powers and discretions herein granted to its predecessor."

The seventh paragraph of the trust stated that a named trustee could resign by giving 30 days written notice to the current income beneficiaries.

¶ 6　　　In 2004, Roger died, leaving Gary and Cindy as Warren's heirs. Between 2005 and 2007, Warren amended the Morrison Trust four times. In July 2007, he amended the trust for the fifth and final time and replaced the fourth paragraph with the following language:

"FOURTH: Upon my death, the Trustees shall distribute the Trust Assets as follows:

1. All of my tools to my son, Gary L. Morrison.

2. All of the remaining personal property shall be divided into two (2) equal shares, one (1) share for my son, Gary L. Morrison and one (1) share for my daughter, Cindy J. Swank. In the event either of my children should predecease me, then their share shall be distributed to the surviving child, absolute in fee simple.

3. My farm Real Estate described as follows:

The South 80 acres of the Southwest Quarter of Section 33, Township 35 North, Range 2 East of the Third Principal Meridian located in Ophir Township, LaSalle County, Illinois

shall remain in Trust hereunder. The net income shall be divided annually between my two (2) children, Gary L. Morrison and Cindy J. Swank in equal shares. Said Real [E]state shall remain in Trust until such time as one of my

3

said children, either Gary L. Morrison or Cindy J. Swank[,] shall die. Upon said event, the Trustee shall distribute said Real Estate to the surviving child in fee simple, absolute and at that time this Trust shall terminate.

In the event both of my children, the Co-Trustees, shall agree to sell said farm Real Estate, they may do so, and the proceeds thereof divided equally between said children, and at that time this Trust shall terminate."

None of the amendments altered the language in the seventh paragraph.

¶ 7        Warren died in February 2009. Shortly after his death, Gary and Cindy paid the estate's expenses and divided Warren's personal property between them. The only asset that remained in the trust was the farm property.

¶ 8        On April 28, 2009, Gary executed a quitclaim deed (April 2009 deed) as successor trustee, deeding the farm property from "Gary L. Morrison, Successor Trustee of the Warren G. Morrison Declaration of Trust dated the 8th day of March 2001" to "Gary L. Morrison and Cindy L. Swank, as Tenants in Common."[2] A few weeks later, Gary had a conversation with his attorney and the parties decided that the property should have remained in the trust. Consequently, on May 29, 2009, Gary and Cindy executed another deed (May 2009 deed), as individuals, transferring the south 80 acres back into the trust. The May 2009 deed conveyed the farm property from "Gary L. Morrison and Cindy L. Swank" to "Gary L. Morrison, Successor Trustee of the Warren G. Morrison Declaration of Trust dated the 8th day of March, 2001." The deed was recorded on July 2, 2009.

---

[2] Cindy's middle initial, as provided in the Morrison Trust, is "J". It was incorrectly transcribed as "L" in the 2009 deed.

¶ 9        Thereafter, Gary and Cindy managed the farm held in the trust on an informal basis. They did not obtain a Tax Identification Number for the trust or file a separate income tax return. They did not open a bank account in the name of the Morrison Trust for the purpose of managing the farm. Instead, they opened a joint checking account at First Savings Bank (FSB) in both of their names and used the account to deposit rent checks from the tenant farmer and pay farm management expenses. Both Gary and Cindy had access to the statements and the funds in the account. From 2009 to 2017, Gary collected the farm rents and paid the real estate taxes using the FSB checking account. Each year, the income from the farm property was divided equally, and Gary and Cindy received two net distributions.

¶ 10        In March 2018, Gary closed the FSB checking account and transferred the trust funds to a new USAA trust account, naming himself as the sole trustee. Cindy asked Gary to add her name to the account as a co-trustee, and he refused.

¶ 11        On May 30, 2018, Cindy filed a four-count complaint against Gary for quiet title, reformation, rescission, and specific performance. She requested that title to the south 80 acres be vested in "Gary L. Morrison and Cindy J. Morrison as Co-Trustees of the Warren G. Morrison Declaration of Trust dated the 8th day of March, 2001," and sought an order requiring Gary to name her as "Co-Successor Trustee" on every document and account associated with the trust.

¶ 12        Gary moved to dismiss the complaint under section 2-619 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619 (West 2020)) on two grounds. First, he claimed that Cindy could not sustain a cause of action because she had resigned as co-trustee of the trust. Second, he argued that her complaint was barred by the five-year statute of limitations under section 13-205 of the Code (735 ILCS 5/13-205 (West 2020)). The trial court denied both motions without prejudice.

5

¶ 13     In their depositions, Gary and Cindy admitted that neither party followed trust formalities after their father's death. For eight years, Gary handled collection of the rents, payment of the farm expenses, and distribution of the farm income. All payments and business transactions were conducted through the parties' joint FSB checking account. Gary and Cindy both had access to the statements for the joint account, and Cindy reviewed the bank statements regularly. Gary took care of all the day-to-day tasks of managing the property and working with the farm tenant, and he signed the checks to pay most expenses without obtaining Cindy's approval. Gary did seek Cindy's approval on occasion. In 2011, Cindy agreed to a tiling project and wrote a personal check from her own account to pay for half of the tiling expenses, and in 2016, she approved a project to reshape the waterways on the property. The parties agreed that Gary and Cindy worked together without any significant issues until the fall of 2017.

¶ 14     Discovery documents further revealed that in October 2017 Gary deposited the farm rent into his personal USAA account that contained other personal funds. That fall, Gary also executed a new five-year lease with the Morrisons' long-time farm tenant without consulting Cindy. In February or March 2018, Gary closed the FSB account and transferred all the funds to a new USAA trust account, naming himself as the sole trustee.

¶ 15     Relying on these undisputed facts, both parties filed motions for summary judgment. Gary argued that summary judgment should be entered in his favor for several reasons, including (1) Cindy's claims were barred by the 5-year statute limitations, (2) she failed to act as co-trustee of the trust and was now unable to act, and (3) she resigned as co-trustee when she deeded the trust property to "Gary L. Morrison, Successor Trustee of the Warren G. Morrison Declaration of Trust." Cindy responded by claiming that the trial court should enter judgment in her favor because (1) the trust clearly designated both Gary and Cindy as co-trustees, (2) the undisputed facts

6

demonstrated that Gary acted unilaterally, in violation of the trust, when he executed the April 2009 deed, and (3) his recent refusal to allow Cindy to participate as a co-trustee contravened the terms of the trust.

¶ 16    After consideration of the parties' arguments, the court issued a written order granting Cindy's motion for summary judgment and denying Gary's motion. The court concluded that it was Warren's intent that both Gary and Cindy serve and act as co-trustees. The court found that, based on the undisputed facts, the April 2009 deed signed only by "Gary L. Morrison, as Successor Trustee" and conveying the property to Gary and Cindy individually was an invalid transfer of the trust property. As a result, the court found that the subsequently executed May 2009 deed transferring the property back into trust was also invalid. The trial court noted that Cindy's complaint simply sought to restore the Morrison trust to its original terms and purpose and emphasized that she did not expressly or impliedly waive her right to act as a co-trustees. The court entered judgment in Cindy's favor, instructing both parties to serve and act as co-trustees and ordering Gary to prepare and execute a trustee's quitclaim deed conveying the farm property to Gary and Cindy as "Successor Co-Trustees of the Warren G. Morrison Declaration of Trust dated March 8, 2001."

¶ 17                                    II. ANALYSIS

¶ 18    On appeal, Gary claims that the trial court erred in granting Cindy's cross-motion for summary judgment because she (1) declined the trusteeship by failing to act as co-trustee of the trust; (2) neglected to file her claim within the applicable five-year statute of limitations; and (3) failed to plead the necessary facts to establish the elements of her claims.

¶ 19    Summary judgment is appropriate where the pleadings, depositions, and admissions on file, together with any affidavits and exhibits, when viewed in the light most favorable to the

7

nonmoving party, indicate there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2-1005(c) (West 2020). Since this case involves the trial court's ruling on cross-motions for summary judgment and the construction of a trust, we conduct a *de novo* review. *Schroeder v. Sullivan*, 2018 IL App (1st) 163210, ¶ 25. Based on the *de novo* standard, a reviewing court may affirm the grant of summary judgment on any grounds that properly appear in the record, regardless of whether the trial court relied on those same grounds. *Northern Illinois Emergency Physicians v. Landau, Omahana & Kopka, Ltd.*, 216 Ill. 2d 294, 305 (2005).

¶ 20                                      A. Acceptance of Trusteeship

¶ 21        Gary first contends that summary judgment in Cindy's favor was inappropriate because Cindy is no longer a co-trustee of the Morrison Trust. Gary argues that, despite being named as a successor co-trustee in the trust instrument, Cindy declined the trusteeship because she failed to perform the necessary functions of a trustee.

¶ 22        Generally, the powers and duties of a trustee are determined by the instrument creating the trust. *In re Hartzell's Will*, 43 Ill. App. 2d 118, 134 (1963). Trusts are construed according to the same principles as wills. *Citizens National Bank of Paris v. Kids Hope United, Inc.*, 235 Ill. 2d 565, 574 (2009). "[T]he goal is to determine the settlor's intent, which the court will effectuate if it is not contrary to law or public policy." *Id.* Determining the settlor's intent is primarily accomplished by "examining the entire trust and by giving to the words employed their plain and ordinary meaning." *Harris Trust & Savings Bank v. Donovan*, 145 Ill. 2d 166, 172 (1991). In this case, the plain language of the Morrison Trust indicates that Warren intended for his surviving children, "Gary L. Morrison" and "Cindy J. Swank," to act as co-trustees. Warren named Cindy

8

as a successor trustee in the seventh paragraph of the original trust and specifically referred to his surviving children as "Co-Trustees" in the 2007 amendment.

¶ 23    Gary concedes that the plain language of the trust instrument gives Cindy the opportunity to act as a co-trustee, but maintains she disclaimed the trusteeship when she failed to exercise any powers as a trustee. We disagree.

¶ 24    In addressing Gary's argument, we look to case law, as well as the Illinois Trust Code (Trust Code), formerly known as the Trusts and Trustees Act.[3] It is well-settled that the trust itself defines the nature and duties of a trustee, and "by accepting the trust, the trustee becomes bound to administer it, or execute it, in accordance with the provisions of the trust instrument." *In re Hartzell's Will*, 43 Ill. App. 2d at 134. A designated trustee may accept a trusteeship either by words or by acts, without formality or writing. Restatement (Third) of Trusts § 35(1) (2003).

¶ 25    Under the Trust Code, a person designated as a trustee accepts the trusteeship by: (1) substantially complying with a method of acceptance provided in the trust instrument; or (2) "accepting delivery of the trust property, exercising powers or performing duties as trustee, or otherwise indicating acceptance of the trusteeship." 760 ILCS 3/701(a) (West 2020). A co-trustee must participate in the performance of a trustee's function unless the co-trustee is unable to perform or has properly delegated those duties to another trustee. *Id.* § 703(c).

¶ 26    Once accepted, waiver of trustee rights and responsibilities may be made by an express agreement or implied from the conduct of the trustee who is alleged to have waived those designated rights. *Schroeder*, 2018 IL App (1st) 163210, ¶ 42. The party asserting implied waiver must show a " 'clear, unequivocal, and decisive act' " on the part of the co-trustee who is alleged

---

[3] The Illinois Trust Code became effective on January 1, 2020, replacing the previous Trust and Trustees Act. See 760 ILCS 3/101 *et seq.* (West Supp. 2019).

to have waived a trust requirement. *Id.* (quoting *Ryder v. Bank of Hickory Hills*, 146 Ill. 2d 98, 104-05 (1991)).

¶ 27    Here, the trust instrument named Cindy as a co-trustee and did not provide an express method of acceptance. Cindy indicated acceptance of the trusteeship and accepted delivery of the trust property when she participated in the administration of trust duties shortly after Warren's death. At Gary's request, she actively participated in the performance of her duties by signing the April 2009 deed, allegedly transferring the farm property to Gary and Cindy as tenants in common, and by executing the May 2009 deed transferring the property back into the Morrison Trust. In addition, she opened a joint account with Gary for the purpose of depositing trust proceeds, and she exercised control and access over the account by receiving statements and accepting funds from the account. At no point did she indicate verbally or in writing that she wished to decline the trusteeship. In fact, she continued to act in her capacity as trustee from 2009 to 2017 by reviewing bank statements, participating in discussions as to necessary improvements to the trust property, and providing personal funds for trust property repairs. Thus, although Gary oversaw the day-to-day operations on the farm, the undisputed facts show that Cindy participated in the performance of her duties as trustee and did not expressly disclaim the trusteeship or resign as co-trustee.

¶ 28    Gary suggests that Cindy knowingly and willingly resigned as co-trustee when the April 2009 and May 2009 deeds were executed. However, the April 2009 deed did not include an express waiver of Cindy's right to act as a co-trustee. In addition, the parties do not dispute that Cindy executed the May 2009 deed after Gary discussed the matter with an attorney and decided that the farm property should remain in the Morrison Trust. She did not submit a written document to Gary expressly stating that she wished to resign as co-trustee after she executed the May 2009 deed, and she continued to act as a co-trustee to the extent it was necessary. See *Schroeder*, 2018 IL App

10

(1st) 163210, ¶¶ 42-43 (co-trustee did not waive trust requirement that trustees agree to trust disbursements where evidence failed to show an express waiver or a clear and unequivocal act waiving co-trustee requirement).

¶ 29                                                B. Statute of Limitations

¶ 30         Next, Gary argues that the five-year statute of limitations bars Cindy's claims. He maintains that her causes of action accrued on May 29, 2009, when she signed the deed conveying the trust property to him as sole trustee, and she was therefore required to file her complaint by May 29, 2014.

¶ 31         Section 13-205 of the Code states that "all civil actions not otherwise provided for, shall be commenced within 5 years after the cause of action accrued." 735 ILCS 5/13-205 (West 2020). Other provisions of the Code apply various time limits to specific causes of action and civil claims. Section 13-118 of the Code provides:

    "Forty year limitation on claims to real estate. No action based upon any claim arising or existing more than 40 years before the commencement of such action shall be maintained in any court to recover any real estate in this State or to recover or establish any interest therein or claim thereto, against the holder of the record title to such real estate when such holder of the record title and his or her grantors immediate or remote are shown by the record to have held chain of title to such real estate for at least 40 years before the action is commenced, ***." 735 ILCS 5/13-118 (West 2018).

When two limitations periods are applicable to a particular cause of action, the more specific statute generally applies. See *Tosado v. Miller*, 188 Ill. 2d 186, 191 (1999). The statute of limitations does not begin to run against an express trust until the trust is repudiated or the trust

11

relationship between the parties ends. *Dick v. Peoples Mid-Illinois Corp.*, 195 Ill. App. 3d 654, 658 (1990).

¶ 32       Under the circumstances, the more specific statute is the 40-year statute of limitations applicable to real estate claims. While Cindy is not seeking to have the land returned to her in an individual capacity, her complaint seeks to have the farm property restored to the trust and returned to her possession as co-trustee. Thus, Cindy's action to have the real estate returned to the trust under proper title is governed by the more specific statute of limitations found in section 13-118 of the Code, not the five-year catch-all in section 13-205. See *Diaz v. Home Federal Savings & Loan Ass'n of Elgin*, 337 Ill. App. 3d 722, 734 (2002) (plaintiffs' quiet title action governed by 40-year statute of limitations applicable to real estate claims).

¶ 33       Even applying the five-year statute of limitations rule, Cindy's complaint is not time barred. A cause of action accrues, within the meaning of statute of limitations for civil actions, when the plaintiff knew or reasonably should have known that an injury occurred and that it was wrongfully caused. See *Superior Bank FSB v. Golding*, 152 Ill. 2d 480, 488-89 (1992). In this case, the crux of Cindy's complaint is to restore her to the position of co-trustee under the terms of the trust. Cindy did not discover that Gary was attempting to exert exclusive control over the trust until 2017, when he opened a USAA trust account, naming himself as the sole trustee, and refused to honor her requests to participate as co-trustee. She subsequently filed suit in 2018, well within the five-year statute of limitations.

¶ 34                           C. Cause of Action to Quiet Title

¶ 35       Last, Gary maintains that summary judgment was inappropriate because Cindy failed to prove the elements necessary for the claims alleged in her complaint.

12

¶ 36    A quiet title action is an equitable cause of action where a party seeks to settle a dispute over ownership of property or to remove a cloud of title to the property. *Lakeview Trust & Savings Bank v. Estrada*, 134 Ill. App. 3d 792, 811-12 (1985). In order to remove a cloud of title, a plaintiff must demonstrate that he or she had possession of the property at the time the suit was filed. *Bennett v. Chicago Title & Trust Co.*, 404 Ill. App. 3d 1088, 1100 (2010).

¶ 37    A trustee stands as the legal title holder to property held in trust. *In re Estate of Adames*, 2020 IL App (1st) 190573, ¶ 59. The trustee is entitled to possession and management of the trust property and has no authority to delegate duties and responsibilities under the trust. *Id.* A trustee is required to carry out the purpose of a trust in accordance with its terms and act with the highest degree of fidelity and good faith. *Schroeder*, 2018 IL App (1st) 163210, ¶ 43.

¶ 38    Unless the trust instrument provides otherwise, co-trustees must act as an undivided unit and exercise their powers, interest, and authority equally. See *Maton Bros. v. Central Illinois Public Service Co.*, 356 Ill. 584, 592 (1934) (holding that co-trustee did not have authority, acting alone, to transfer a license to a third party). A trustee's authority is limited by the instrument that creates the trust, and a co-trustee cannot exercise his or her power individually. *Stuart v. Continental Illinois National Bank & Trust Co.*, 68 Ill. 2d 502, 523 (1977); see also Restatement (Third) of Trusts § 39 (2003) ("[I]f there are two trustees their powers may be exercised only by concurrence of both of them ***.").

¶ 39    Here, Cindy satisfied the elements for a quiet title cause of action. The pleadings and deposition testimony demonstrated that (1) she had possession of the trust property as co-trustee of the Morrison Trust when the lawsuit was filed, and (2) the recorded title, naming Gary as the sole trustee, was inequitable because it named him as the sole trustee.

13

¶ 40      Gary's claim that a genuine issue of material facts exists because Cindy divested herself of the trust property when she executed the May 2009 deed is unavailing. Both the April 2009 deed and the May 2009 deed were ineffective. Because Cindy was a named co-trustee in the trust instrument and did not resign as trustee, her signature was required to execute the April 2009 deed transferring the farm property from the trust to Gary and Cindy as tenants in common. Moreover, the plain language of the fourth paragraph of the trust required the farm property to be held in the Morrison Trust until one of the parties dies or both agree to sell the property and distribute the proceeds. Thus, Gary's unilateral execution of the April 2009 deed and the May 2009 deed violates the trust terms, and both deeds are therefore ineffective. See *Stuart*, 68 Ill. 2d at 523. Contrary to Gary's assertion, the trust property is still held in trust under the original terms and the co-trustees' authority is governed by the instrument that created it. In other words, the property remains in the Morrison Trust, which names Gary and Cindy as co-trustees, as if the May 2009 and April 2009 transactions never occurred.

¶ 41      As co-trustee of the Morrison Trust, Cindy properly asserted possession of the property at the time she filed her complaint in 2018. The evidence also demonstrates that her cause of action was necessary to remove a cloud on the title that was created when Gary unilaterally transferred the trust property out of and then back into the trust. Gary's claim that Cindy divested herself of any title to the trust property by executing the April 2009 and May 2009 deeds merely emphasizes the need for equitable relief. Under these circumstances, we find that Cindy satisfied the elements for an equitable quiet title claim.

¶ 42      As a matter of law, the deeds executed by Gary are inconsistent with the plain terms of the Morrison Trust requiring both Gary and Cindy to serve and act as co-trustees. Moreover, the material facts necessary to support a quiet title claim are not disputed. Cindy demonstrated a

14

willingness to perform as co-trustee and Gary refused to honor his responsibility to act as co-trustee. Based on the plain language of the trust and these undisputed facts, the trial court properly granted summary judgment in Cindy's favor.

¶ 43                                                III. CONCLUSION

¶ 44            The judgment of the circuit court of La Salle County is affirmed.

¶ 45            Affirmed.