(No. 26723.—)

IDA YEDOR, Appellee, *vs.* CHICAGO CITY BANK AND TRUST COMPANY *et al.,* Appellants.

*Opinion filed September 21, 1942—Rehearing denied Nov. 12, 1942.*

LEVINSON, BECKER, PEEBLES & SWIREN, and CHESTER W. KULP, (DON M. PEEBLES, of counsel,) for appellants.

BERNARD YEDOR, and MEYER ABRAMS, (SHULMAN, SHULMAN & ABRAMS, of counsel,) for appellee.

Mr. JUSTICE SMITH delivered the opinion of the court:

This is an appeal from a decree of the superior court of Cook county. A complaint was filed by appellee in which she alleged that she was the owner of ten (10) Certificates of Beneficial Interest in a certain trust; that the appellant Chicago City Bank and Trust Company was acting as trustee and the other appellants were acting as trust managers, of the trust property. The complaint alleged that the trustee had breached the terms of the trust agreement by failing to advertise the property for sale pursuant to the terms of the trust agreement; that the trust was, for that reason, terminated. The prayer was in the alternative. Appellee asked for a decree for an accounting by the trustee and for the sale of the trust property, either in partition or by direction to the trustee to sell. Appellee.

also asked the court to order appellants to furnish to her the names and addresses of all the beneficiaries of the trust, and to direct how and in what manner such beneficiaries should be notified of the pendency of the suit. She further prayed for an order restraining appellants from communicating with the other beneficiaries until the further order of the court.

A copy of the trust agreement was set out in the complaint. By their answer, appellants admitted the terms of the trust agreement as set out in the complaint and that the trustee had not advertised the trust property for sale. It alleged that such advertisement was not made and was not required, because more than a majority of the holders of beneficial interests in the trust had, in writing, directed the trustee to postpone the sale, pursuant to the provisions of the trust agreement.

The decree entered found that it was the duty of the trustee to advertise the property for sale during the five-year period, following December 1, 1934. The decree further found that the property had not been sold, or advertised for sale, by the trustee, during that time. It further found that the trustee had obtained consents in writing from a majority of the beneficiaries, to postpone the sale and continue the trust without advertising the premises for sale.

It further held that the attempt of the majority of the beneficiaries to postpone the sale, was ineffective because the trustee had not, in fact, advertised the sale, during the first five-year term following the date of the trust agreement. It was further decreed that the failure of the trustee to advertise the property for sale constituted a breach of the trust by the trustee, which terminated the trust. The court further decreed that appellee was not entitled to partition, but allowed the alternative prayer. The trustee was ordered to advertise the premises for sale, and sell the same. It

denied the prayer of appellee that the trustee be ordered to furnish her with a list of names of the beneficiaries of the trust. From that decree the defendants in the court below have perfected this appeal.

Cross errors have been assigned by appellee challenging that part of the decree refusing to direct appellants to furnish, to appellee, the names and addresses of all the beneficiaries of the trust. The action being primarily a suit for the partition of real estate, a freehold is necessarily involved. This gives us jurisdiction on direct appeal even though appellee's prayer for partition was denied.

On the issue of whether the trust had terminated, the questions involved are whether the failure of the trustee to advertise the property within five years from December 1, 1934, terminated the trust and whether the act of a majority of the owners of the beneficial interest in the trust, directing the postponement of the sale, was effective when no sale had actually been advertised by the trustee within the first five-year period. It is the contention of appellee that the power vested in a majority of the certificate holders, by the trust agreement, to postpone the sale for an additional five years, could only be exercised ·after the property had been actually advertised for sale; that the failure of the trustee to actually advertise the property for sale prior to December 1, 1939, took from the certificate holders the power to postpone the sale under the agreement and terminated the trust.

All other facts concerning the transaction are fully set forth in the opinion of the court in the case of *Altschuler* v. *Chicago City Bank and Trust Co., ante,* p. 137. The same trust agreement was there involved. In the opinion in that case, filed at the May term, 1942, all of the facts are set forth. The facts there set out are not different from the facts here involved. The same questions were raised and the same contentions made. We there

held that the failure of the trustee to advertise the property for sale during the first five-year period, did not terminate the trust or interfere with the powers of the trustee. We further held that the effect of the postponement of the sale for an additional five years by a majority of the beneficiaries, was to continue the trust during that period of time. ·That holding is equally applicable to this case. It is not necessary to repeat here what we there said. That opinion disposes of all the contentions in this case, except the questions arising on the cross errors assigned by appellee.

Appellee, by her assignment of cross errors, challenges that portion of the decree denying the prayer of the complaint that appellants be ordered to furnish to appellee the names and addresses of all the beneficiaries of the trust. In support of this contention, she relies on the case of *Ashton* v. *Macqueen,* 361 Ill. 132. In that case the court held the trust had terminated and that because of the termination of the trust, the beneficiaries became the owners of the real estate, as cotenants, and were entitled to partition. This made it necessary that all of the beneficiaries owning an interest in the real estate to be partitioned, be made parties to the suit. It was therefore necessary that the plaintiff have the information from the trustee as to those interested in the property. This was necessary for the further prosecution of the suit on remandment. No such situation, however, is here involved. In view of the conclusion we have reached, appellee was not entitled to the relief prayed for in her complaint. Under our decision in *Altschuler* v. *Chicago City Bank and Trust Co. supra,* the decree directing a sale of the property by the trustee, will have to be reversed. The decree, in so far as it denied partition, and denied the right of appellee to a list of the beneficiaries, will be affirmed. This terminates the litigation on all questions involved. The names and addresses of the beneficiaries will not be necessary for use in the further prosecution of the suit, as in the case of *Ashton* v.

*Macqueen, supra.* The court did not err in denying such relief.

Insofar as the decree denied partition and denied to appellee the right to have the names and addresses of the beneficiaries furnished to her by the trustee, it is affirmed. In all other respects the decree is reversed.

*Affirmed in part and reversed in part.*